The STATE of Ohio, Appellee,

v.

WOOD et al., Appellants. █

[Cite as *State v. Wood* (1989), 63 Ohio App.3d 855.]

Court of Appeals of Ohio,
Lucas County.

No. L–88–035.

Decided Aug. 25, 1989.

*Anthony Pizza,* Prosecuting Attorney, and *Denise Cubbon,* Assistant Prosecuting Attorney, for appellee.

*George R. Smith, Jr.,* for appellants.

HANDWORK, Presiding Judge.

This matter is before the court on appeal from the January 19, 1988 judgment rendered by the Lucas County Court of Common Pleas, Juvenile Division, sentencing appellants, Kathleen Wood and James Wood, for violating R.C. 2919.24, contributing to the unruliness and delinquency of a minor.

Appellants bring this appeal to assert eleven assignments of error which read as follows:

"I. The compulsory attendance law (O.R.C. section 3321.04) is unconstitutional on its face and as applied by the superintendent of the Lucas County Board of Education. Where the standards and procedures adopted by the superintendent of schools for evaluating a claim of exemption from the compulsory attendance law result in an unconstitutional deprivation of rights under the First and Fourteenth Amendments to the United States Constitution, a charge of contributing under O.R.C. section 2919.24 based upon the parents alleged failure to comply with those unconstitutional standards and procedures must fail as a matter of law.

"II. Chapter 3321 of the O.R.C. provides the exclusive remedy for enforcement of the compulsory attendance law and a juvenile court has no subject matter jurisdiction over complaints charging violation of such law under O.R.C. section 2919.24, the contributing statute. Consequently, a charge of contributing premised soley [sic] on violation of the compulsory attendance law fails to state an offense under O.R.C. section 2919.24.

"III. The trial court's failure to permit defendants to present evidence in support of the constitutional issues raised in their motion to dismiss constituted a clear abuse of discretion and further deprived defendants of due process of law as guaranteed by the United States and Ohio Constitutions.

"IV. The trial court erred in failing to permit defendants to offer evidence in the nature of an affirmative defense of excuse or justification. Where, as here, a local school superintendent unnecessarily conditions access to the administrative process and consequently to the courts on a parent's violation of their sincerely-held religious beliefs and the failure of the parents to secure his approval to home school their child renders them criminally liable, due process requires that they be permitted to offer evidence which excuses or justifies such failure and that the trial court appropriately instruct the jury thereon.

"V. The trial court abused its discretion and denied defendants due process of law in that it ruled after opening statements of counsel—that the issues raised by both the prosecutor and defense in opening concerning the conduct of the school superintendent were not relevant and no evidence would be permitted with respect thereto. In making this evidentiary ruling sua sponte after the issue had been raised in opening statement, the trial court effectively assisted the prosecutor in trial of the case to the prejudice of defendants and effectively prevented defense counsel from developing issues and fulfilling promises made in opening statement. Such constituted a denial of due process of law with clear prejudice to the rights of the defendants.

"VI. The trial court erred in excluding evidence respecting the affirmative defense of bad faith prosecution. Further, the trial court erred in permitting

defense counsel to address the affirmative defense of bad faith prosecution in voir dire before the jury and in opening statement but in denying defense counsel the opportunity to present evidence in support of that affirmative defense and in refusing to instruct the jury thereon.

"VII. The conflict between the trial court and defense counsel throughout the course of proceedings in this case: [*sic*] the trial court's 'overlybroad' rulling [*sic*] on the state's motion in limine: [*sic*] and the trial court's threat to defense counsel to send a transcript of proceedings to grievance committee for investigation into ethical misconduct prior to the jury being enpaneled [*sic*] in the case is indicative of such prejudice on the part of the trial court as to have required the court to recuse itself from the case.

"VIII. The trial court erred in denying defendants' post-trial motion for judgment of acquittal, motion for new trial and motion for arrest of judgment.

"IX. The trial court erred in denying defendants' motion to dismiss in that the superintendent of the Lucas County Board of Education has no statutory authority to prescribe requirements for excuse from compulsory school attendance and therefore, the defendants' home schooling of their minor child without the superintendent's approval did not constitute a violation of the criminal laws of the state of Ohio either under Chapter 3321 or Chapter 2919 of the Ohio Revised Code.

"X. Under O.R.C. section 3321.19, complaints for violation of the compulsory attendance laws must be filed by the county attendance officer and must be preceded by service of a legal notice. Where, as here, the complaints are filed by the assistant superintendent of schools prior to service of legal notice required by statute. [*sic*] they are legally insufficient and subject to dismissal.

"XI. The trial court erred in overruling defendants' motion to dismiss in that the school superintendent's requirement that parents submit a statement of belief in support of any application for approval of the home school program constitutes an impermissible religious test under the First Amendment to the United States Constitution."

The court has reviewed the record to determine the pertinent facts of this case, which can be summarized as follows: In 1985, a representative of the Lucas County Childrens Services Board ("LCCSB") visited Kathleen Wood regarding her son's failure to attend school. Because of a lack of response from the home visit, LCCSB followed up the visit by a letter requesting information needed to determine whether the child was attending school. James Wood responded by letter that, in essence, he would not cooperate with the agency due to his "superior parental rights in the education of [his] children." The matter was then referred to the Attendance Supervisor of the

Lucas County Office of Education, who sent notice of Ohio's compulsory education law to appellants on January 6 and 15, 1986. Various attempts were made over the course of the year to assist appellants in obtaining an exemption from the law in order to bring them into compliance. Eventually, James Wood did complete the application, but he had altered it to avoid violating his religious beliefs. Specifically, Mr. Wood refused to request permission from the state for an exemption; instead, he changed the form to request that the state recognize his right to have his child excused from public school attendance. The altered form was not accepted by the superintendent. Consequently, the child was not excused from attending public school during the period of September 1, 1986, to April 1, 1987, when he was absent from school.

On April 4, 1987, a complaint was filed charging that appellants were violating R.C. 2919.24. The case proceeded to trial, and appellants were convicted. Their imprisonment sentences were suspended, however, after they cooperated with the school authorities to obtain an exemption. The fine imposed was suspended in part, conditioned upon continued compliance. Appellants' motions for a new trial, acquittal, and arrest of judgment were all denied by the trial court. Appellants then sought a timely appeal to this court.

Appellants' first, ninth, and eleventh assignments of error concern the constitutionality of the compulsory education law and whether its mandates were properly followed.

Appellants' basic contentions are, first, that the exemption provisions of R.C. Chapter 3321 are unconstitutional because they give too much discretion to the superintendent as to who will be exempted and, second, that the statute was enforced in an unconstitutional manner.

Appellants also raise the same basic issues in their third, fourth, and fifth assignments of error. In these assignments of error, appellants contend that the court abused its discretion by excluding appellants' evidence concerning either the unconstitutionality of the compulsory education law or their inability to obtain an exemption therefrom due to the actions of the superintendent.

■ The trial court excluded all evidence pertaining to the compulsory education law as irrelevant because appellants were charged with violating R.C. 2919.24, not R.C. 3321.38, which provides for penalties for parents who fail to send their child to school.

For the reasons which follow, we find that the trial court properly ruled that the evidence was irrelevant because R.C. 2919.24 imposes strict criminal liability.

R.C. 2919.24(A)(2) provides that: "[n]o person shall * * * [a]ct in a way tending to cause a child or a ward of the juvenile court to become an unruly child * * *." One definition for a "unruly child" is a child "who is an [*sic*] habitual truant from home or school." R.C. 2151.022.

R.C. 2901.21(B) provides in pertinent part that:

"When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in such section, then culpability is not required for a person to be guilty of the offense. * * *"

 We interpret the legislature's use of the word "shall" in R.C. 2919.24 as clearly indicating that strict criminal liability was intended. Other courts have come to the same conclusion regarding R.C. 2151.41, the predecessor statute to R.C. 2919.24. See *State v. Cole* (1982), 8 Ohio App.3d 416, 418, 8 OBR 539, 541, 457 N.E.2d 873, 875; *State v. Hannawalt* (App.1938), 26 Ohio Law.Abs. 641, 642; and *State v. Poney* (1966), 19 Ohio Misc. 51, 53, 48 O.O.2d 208, 209.

Because the statute imposes strict criminal liability, the defenses available to the accused are more limited. Under R.C. 2919.24, the state must prove that a child is absent from school without permission due to some act of the defendant. The reasons for causing the child's truancy would not be relevant. Therefore, the trial court properly found that appellants' evidence relating to their inability to obtain an exemption from the compulsory education law is irrelevant. These issues must be raised by way of an exhaustive appeal of the administrative decision.

Wherefore, we find appellants' first, third, fourth, fifth, ninth, and eleventh assignments of error not well taken.

 Appellants argue in their second assignment of error that Ohio's compulsory education law (R.C. 3321 *et seq.*) provides for an exclusive remedy for non-compliance therewith and, therefore, that the juvenile court lacks jurisdiction to determine whether appellants violated R.C. 2919.24, contributing to the delinquency of a minor, by failing to comply with the compulsory education law. Basically, appellants contend that they cannot be found guilty of violating R.C. 2919.24 based solely upon an alleged violation of the compulsory education law.

As stated above, R.C. 2919.24 prohibits a person from doing an act which would cause a child to become a habitual truant from school. Furthermore, R.C. 2151.23 provides that the juvenile court has exclusive jurisdiction over cases involving an unruly child. R.C. 2151.23(A)(1). In addition, R.C. 3321.38 and 3321.99 provide for penalties for parents who fail to send their child to

school pursuant to the mandates of R.C. Chapter 3321. In that type of case, the juvenile court has concurrent jurisdiction over prosecution under R.C. 3321.38. R.C. 4109.13(D).

R.C. 2919.24 and 3321.38 are, therefore, two independent offenses. Thus, it is irrelevant that the same set of facts could give rise to multiple punishments. The prosecutor has the sole discretion as to whether to enforce R.C. 2919.24, irrespective of whether an action is brought under R.C. 3321.38.

Appellants rely upon *State, ex rel. Chalfin, v. Glick* (1960), 113 Ohio App. 23, 17 O.O.2d 33, 177 N.E.2d 293, to support their contention that the only enforcement remedy available to compel parents to send their children to school is R.C. 3321.38. However, appellants' reliance upon *Chalfin* is misplaced. The *Chalfin* case concerned an attempt by school authorities to obtain an injunction to close down an Amish school which failed to meet the state's minimum education requirements and charged the parents with conspiracy for failing to send their children to school and with creating a nuisance. The court held that because the Ohio Legislature had enacted a legal remedy for non-compliance with the compulsory education statutes, equitable relief was not available. The court did not hold that only one legal remedy existed.

Wherefore, we find that the state could prosecute appellants under R.C. 2919.24 based upon their failure to send their child to school. Appellants' second assignment of error is therefore found not well taken.

In their sixth assignment of error, appellants argue that the court erred by excluding evidence of bad faith prosecution. First, appellants contend that bad faith prosecution is a recognized offense under R.C. 3321.38. Second, appellants contend that it was improper for the trial court to permit appellants to raise the issue during voir dire and then exclude the evidence later.

With regard to the first argument, appellants rely on *State, ex rel. Nagle, v. Olin* (1980), 64 Ohio St.2d 341, 18 O.O.3d 503, 415 N.E.2d 279, to argue that they were singled out for prosecution under R.C. 2919.24 due to the exercise of their First Amendment rights. In *Olin*, the defendant argued that he was discriminatorily selected for prosecution under the compulsory education law because of his religious beliefs. The court concluded, however, that there was no proof that the prosecution was initiated in bad faith. In the case before us, appellants have not demonstrated that they have been treated differently than any other group and, therefore, have not presented a prima facie case of a denial of equal protection. The prosecution had probable cause to believe that a criminal statute had been violated and, furthermore, had the discretion as to whether or not to prosecute. *Id.* at 347, 18 O.O.3d at 506, 415 N.E.2d at 284.

 With regard to the second argument, we believe it was not improper for the trial court to wait until opening statements were about to be made to exclude evidence of the alleged bad faith prosecution. First, the statements made by appellants' counsel during voir dire could not prejudice the jury inasmuch as the jury was not selected until the voir dire was completed. Second, the court corrected appellants' counsel during opening statements by indicating that the court would not instruct the jury as to the bad-faith-prosecution issue inasmuch as that was a question for the court. Therefore, the jury could not be misled because it would not be deciding the issue. In addition, appellants have not shown how this action was prejudicial to them, which is necessary for a reversal. *Smith v. Flesher* (1967), 12 Ohio St.2d 107, 41 O.O.2d 412, 233 N.E.2d 137, paragraph one of the syllabus, and *Economy Fire & Cas. Co. v. Craft General Constr., Inc.* (1982), 7 Ohio App.3d 335, 337, 7 OBR 432, 434, 455 N.E.2d 1037, 1040. In any event, the court instructed the jury not to rely on the opening statements as evidence and not to consider the reason for the court's rulings on objections during the trial. These instructions sufficiently counteract any prejudicial effect caused by the exclusion of the evidence after opening statements were made.

Wherefore, the trial court properly excluded evidence of a bad faith prosecution as irrelevant. Appellants' sixth assignment of error is found not well taken.

 In their seventh assignment of error, appellants allege that the trial court judge was prejudiced and biased.

This issue was presented to the Supreme Court of Ohio by way of an affidavit of disqualification filed by appellants after the trial but before the post-conviction motion was decided. The Supreme Court of Ohio held that no bias or prejudice was shown and dismissed the motion.

Inasmuch as the Supreme Court of Ohio has already ruled upon this issue, we find appellants' seventh assignment of error not well taken.

The eighth assignment of error alleges that the trial court erred by denying appellants' post-conviction motions for a judgment of acquittal, new trial, and arrest of judgment. Appellants allege four grounds for finding error with the trial court's ruling: (1) there was insufficient evidence to convict, (2) they were denied due process because they were not able to introduce evidence regarding their inability to obtain an exemption from the compulsory education law, (3) the jury instructions incorrectly stated that R.C. 2919.24 imposes strict criminal liability, and (4) since evidence of bad faith prosecution was presented during voir dire, it could not be excluded later in the trial without misleading the jury.

■ The second, third, and fourth arguments have all been discussed above and are meritless. We, therefore, proceed to address only the first argument which basically states that the verdict is against the manifest weight of the evidence. Our standard of review for a manifest weight argument is to determine whether there is sufficient evidence " 'which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.' * * * " (Citations omitted.) *State v. Eley* (1978), 56 Ohio St.2d 169, 172, 10 O.O.3d 340, 341, 383 N.E.2d 132, 134. In this case, there was ample evidence that appellants kept their child out of school for an extended period of time without permission. Thus, the verdict was not contrary to the manifest weight of the evidence.

Accordingly, appellants' eighth assignment of error is found not well taken.

In their tenth assignment of error, appellants contend that they could not be convicted of violating R.C. 2919.24 because R.C. 3321.19 requires that the attendance officer file a complaint for non-compliance, not the superintendent. Furthermore, appellants claim that they did not receive notice of their child's truancy as required by R.C. 3321.19.

■ Appellants' arguments are without merit for the simple reason that appellants were not charged with violating the compulsory education law. Thus, R.C. 3321.19 is inapplicable to this case. Appellants argue that the requirements of R.C. 3321.19 should be applied anyway since the result is that they would receive less protection under the criminal statute (R.C. 2919.24) which carries a greater penalty. This, however, is a matter for the legislature to correct, not the courts.

Wherefore, we find appellants' tenth assignment of error not well taken.

Wherefore, this court finds that appellants were not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed.

*Judgment affirmed.*

CONNORS and ROHRS, JJ., concur.

KENNETH A. ROHRS, J., of the Henry County Court of Common Pleas, sitting by assignment.