OPINION
Defendant-appellant Roberta Kent appeals from the May 31, 2000, Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division.
 STATEMENT OF THE FACTS AND CASE
On February 24, 2000, two complaints were filed in the Stark County Court of Common Pleas charging appellant with contributing to the unruliness or delinquency of her two school age children in violation of R.C. 2919.24, both misdemeanors of the first degree. The complaints alleged that appellant had caused her children, Jeffery Kent (age 12) and Lisa Kent (age 10), to be absent from school or tardy to school on numerous occasions. At her arraignment on March 6, 2000, appellant entered a plea of not guilty to both complaints. Thereafter, appellant, on May 19, 2000, filed a Motion to Dismiss, arguing that she had been improperly charged under R.C. 2919.24 when a more specific statute (R.C.3321.38) applied. A response to such motion was filed by appellee on May 30, 2000. Subsequently, a jury trial commenced on May 31, 2000. At the onset of the trial, the trial court denied appellant's Motion to Dismiss. After the jury returned with a verdict finding appellant guilty of both counts of contributing to the unruliness of a child, the trial court, as memorialized in a Judgment Entry filed on May 31, 2000, sentenced appellant to six months in the Stark County Jail. However, the trial court suspended all but three days of appellant's sentence. In addition, appellant was ordered to attend Goodwill parenting classes, to make good faith efforts to insure that her children attended school regularly and on time, and to pay court costs. It is from the trial court's May 31, 2000, Judgment Entry that appellant now prosecutes her appeal, raising the following assignments of error:
 I. THE TRIAL COURT COMMITTED ERROR WHEN IT FOUND ROBERTA KENT GUILTY OF TWO (2) COUNTS OF CONTRIBUTING TO THE UNRULINESS OF A MINOR IN VIOLATION OF O.R.C. SECTION 2919.24 BECAUSE THE DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. THE TRIAL COURT COMMITTED ERROR WHEN IT FOUND ROBERTA KENT GUILTY OF TWO (2) COUNTS OF CONTRIBUTING TO THE UNRULINESS OF A MINOR IN VIOLATION OF O.R.C. SECTION 2919.24 WHEN A MORE SPECIFIC STATUTE APPLIES; AND THEREFORE, THE DEFENDANT WAS IMPROPERLY CHARGED.
 III. THE TRIAL COURT COMMITTED ERROR WHEN IT FOUND ROBERTA KENT GUILTY OF TWO (2) COUNTS OF CONTRIBUTING TO THE UNRULINESS OF A MINOR IN VIOLATION OF R.C. 2919.24 BECAUSE THE JURY INSTRUCTIONS IMPROPERLY DEFINED "CAUSE."
 I
Appellant, in her first assignment of error, argues that her conviction on two counts of contributing to the unruliness of a minor in violation of R.C. 2919.24 is against the manifest weight and sufficiency of the evidence. In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jenks, supra, at paragraph two of the syllabus.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed . . . The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins (1997),78 Ohio St.3d 380, 387, citing State v. Martin (1983), 20 Ohio App.3d 172,175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1. Appellant in the case sub judice was convicted of contributing to the unruliness of a child in violation of R.C. 2919.24. Such section provides as follows: (A) No person shall do either of the following: (1) Aid, abet, induce, cause, encourage, or contribute to a child or a ward of the juvenile court becoming an unruly child, as defined in section 2151.022
[2151.02.2] of the Revised Code, or a delinquent child, as defined in section 2151.02 of the Revised Code; (2) Act in a way tending to cause a child or a ward of the juvenile court to become an unruly child, as defined in section 2151.022 [2151.02.2] of the Revised Code, or a delinquent child, as defined in section 2151.02 of the Revised Code. (B) Whoever violates this section is guilty of contributing to the unruliness or delinquency of a child, a misdemeanor of the first degree. Each day of violation of this section is a separate offense.
An "unruly child" is defined in R.C. 2151.022(B) as including a child who is an habitual truant from school. At the trial in this matter, testimony was adduced that appellant is the mother of Lisa, age 10, and Jeffery, age 12. Both children live with appellant. From August 31, 1999, through December 21, 1999, both children attended Fairmount Park Elementary School. Beverly Ciricosta, Fairmount's principal, testified at trial that although the school year began on August 24, 1999, neither Lisa nor Jeff reported to school until August 31, 1999. On the first day that Lisa and Jeff reported to school, the family received a copy of the 1999-2000 Elementary School Handbook for parents. The handbook included the Canton City School District's policy regarding school attendance, including excused and unexcused absences and tardiness. In addition, during the beginning of the school year, both children received a "Student Parent School Compact" describing the expectations from parents. However, although the compact was to be signed by the student's parent and returned to the school, the compacts issued to Jeff and Lisa were never returned. At the trial in this matter, Beverly Ciricosta testified that school attendance records listed Lisa as being tardy over forty times and absent approximately nine times between the scheduled start of school on August 24, 1999, and December 21, 1999. As appellee correctly notes, the attendance record for Jeff contains a similar number of absences and instances of tardiness. While the attendance records list oversleeping as the most common excuse for tardiness, missing the bus and trouble in getting dressed are also listed as excuses. In addition, the attendance records indicate that on at least two occasions, Beverly Ciricosta spoke with appellant regarding her childrens' excessive tardiness. Testimony also was adduced at trial that, in January of 2000, appellant's children transferred to Gibbs Elementary School located in the City of Canton. Edward Rehfus, Gibbs' principal, testified that at the beginning of the school year, a handbook that outlines the attendance policy is distributed. Edward Rehfus testified that in addition to the handbook, "[t]here's also a School Parent Compact that all of the parents, children, teachers and principal signs which lists the responsibilities of students, parents, teachers in [sic] the building administrator . . ." Transcript of Proceedings at 86. Lisa never returned the compact. At trial, Edward Rehfus also testified that when the two children initially transferred from Fairmount to Gibbs, he spoke with appellant and told her that "the attendance record of the children was unacceptable and that we needed to have things change." Transcript of Proceedings at 107. To address the problem, the school scheduled a mediation for January 13, 2000, which the children, appellant, the school and a professional mediator attended. During the mediation, the parties agreed that the family needed more sleep and that the children needed to get more organized. In addition, appellant was advised of the school attendance policy and the compulsory attendance laws. However, Edward Rehfus testified that following the mediation, attendance was "[n]ot too good." Transcript of Proceedings at 136. When asked how the childrens' attendance was up until February 8, 2000, Edward Rehfus testified as follows: A. Up to February 8th, Jeffrey was absent one — five times and tardy six times. Lisa was absent — more than that, I'm sorry. Jeffrey was absent eight times and tardy seven times. Lisa was absent nine times and tardy five times. Transcript of Proceedings at 136-137. He further testified that a pattern of tardiness is considered a truancy. Based on the foregoing, we find that, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that appellant, by failing to ensure that her children were awake, dressed and to school everyday, caused or contributed to her children becoming unruly children by reason of habitual truancy. We further find that, based upon such evidence, the trier of fact did not clearly lose its way so as to create a manifest miscarriage of justice. There was competent and credible evidence in the record to prove beyond a reasonable doubt that appellant's two children were unruly by habitual truancy. Accordingly, appellant's first assignment of error is overruled.
 II
Appellant, in her second assignment of error, contends that the trial court erred in finding appellant guilty of two counts of contributing to the unruliness of a minor in violation of R.C. 2919.24 because appellant was improperly charged. Appellant specifically argues that she should not have been charged with violating R.C. 2919.24 since a more specific statute, namely, R.C. 3321.38, applies. As is stated above, R.C. 2919.24
states as follows: (A) No person shall do either of the following: (1) Aid, abet, induce, cause, encourage, or contribute to a child or a ward of the juvenile court becoming an unruly child, as defined in section2151.022 [2151.02.2] of the Revised Code, or a delinquent child, as defined in section 2151.02 of the Revised Code; (2) Act in a way tending to cause a child or a ward of the juvenile court to become an unruly child, as defined in section 2151.022 [2151.02.2] of the Revised Code, or a delinquent child, as defined in section 2151.02 of the Revised Code. (B) Whoever violates this section is guilty of contributing to the unruliness or delinquency of a child, a misdemeanor of the first degree. Each day of violation of this section is a separate offense.
An "unruly child" is defined as including a child who is an habitual truant from school. See R.C. 2151.022(B). In turn, R.C. 3321.38 captioned "Failure to Send Child to School," provides as follows: (A) No parent, guardian, or other person having care of a child of compulsory school age shall violate section 3321.01, 3321.03, 3321.04, 3321.07, or 3321.10, division (A), or (B) of section 3321.19, or section 3321.20 or 3331.14 of the Revised Code. The court may require a person convicted of violating this division to give bond in the sum of one hundred dollars with sureties to the approval of the court, conditioned that the person will cause the child under the person's charge to attend upon instruction as provided by law, and remain as a pupil in the school or class during the term prescribed by law. (B) This section does not relieve from prosecution and conviction any parent, guardian, or other person upon further violation of such section; nor shall forfeiture of the bond relieve such person from prosecution and conviction upon further violation of such sections. Section 4109.13 of the Revised Code applies to this section.
R.C. 3321.03, captioned "Parent's duty to see that child receives instruction; exceptions," states, in part, as follows: Except as provided in this section, the parent of a child of compulsory school age shall cause such child to attend a school in the school district in which the child is entitled to attend school under division (B) or (F) of section3313.64 or section 3313.65 of the Revised Code, to participate in a special education program under Chapter 3323 of the Revised Code, or to otherwise cause him to be instructed in accordance with law. Every child of compulsory school age shall attend a school or participate in a special education program that conforms to the minimum standards prescribed by the state board of education until the child: . . .
In the alternative, R.C. 3321.04, captioned "Scope of parent's duty; excuses from attendance" provides, in pertinent part, as follows:
Every parent of any child of compulsory school age who is not employed under an age and schooling certificate must send such child to a school or a special education program that conforms to the minimum standards prescribed by the state board of education, for the full time the school or program attended is in session, which shall not be for less than thirty-two weeks per school year. Such attendance must begin within the first week of the date on which the child begins to reside in the district or within one week after his withdrawal from employment.
Appellant cites R.C. 1.51 in support of his argument that R.C. 3321.38, as a more specific statute, should prevail over a conflicting general statute, in this case R.C. 2919.24. R.C. 1.51 provides as follows: If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail.
However, we concur with appellee that the two statutes do not conflict. Whereas R.C. 2919.24 requires "habitual" truancy, R.C. 3321.38, the compulsory education law, does not. The compulsory school attendance laws under Chapter 3321 of the Revised Code provide penalties for failing to send one's child to school. In contrast, R.C. 2919.24 sanctions behavior which contributes to a child becoming an habitual truant. R.C.2919.24 provides a different and more serious offense for contributing to the habitual truancy of a child than does Chapter 3321 for merely failing to send a child to school. The conduct prohibited by the two statutes is not the same and thus is not irreconcilable. See also State v. Wood (1989), 63 Ohio App.3d 855, syllabus: "A parent may be charged and convicted of violating R.C. 2919.24 when the parent fails to send their child to school even though R.C. 3321.38 also provides penalties for failure to comply with compulsory education law." The trial court, therefore, did not err in overruling appellant's Motion to Dismiss and in finding appellant guilty of two counts of contributing to the unruliness of a minor in violation of R.C. 2919.24 Accordingly, appellant's second assignment of error is overruled.
 III
Appellant, in her third and final assignment of error, contends that the trial court improperly instructed the jury on the definition of "cause" and that, for such reason, appellant's conviction should be reversed. R.C. 2919.24 provides, in relevant part, that no person shall "cause, encourage, or contribute" to a child becoming unruly. After the prosecutor in this matter requested a jury instruction that defined "cause" as including the failure to act where an affirmative duty to act exists, appellant objected to such definition. Appellant specifically argued that such definition should not include the failure to act. Thereafter, the trial court gave the following instruction to the jury: "Cause is an act or failure to act which in the natural and continuous sequence directly produces the harm of an unruly child and without which would not have occurred." Transcript of Proceedings at 230. Appellant argues that such instruction constituted reversible error since, for a violation of R.C. 2919.24, appellee "must prove that a child is absent from school without permission due to some act of the Defendant." We, however, disagree. As stated by this Court in State v. Groves (June 13, 1994), Fairfield App. No. 51-CA-1993, unreported, "[t]he language [in R.C. 2919.24(A)(1)], including "cause" and "contribute", is broad enough to include a failure to act, where an affirmative duty to act exists." Since R.C. 3321.03 and 3321.04 impose an absolute duty on appellant to have her children in school, appellant's failure to cause her children to timely and regularly attend school is sufficient to constitute a violation of R.C. 2919.24. We find, therefore, that the trial court properly instructed the jury as to the definition of "cause." Appellant's third assignment of error is, therefore, overruled.
Accordingly, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.
Edwards, J. Hoffman, P.J. and Reader, V.J. concur