This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Ronald A. Stuck, appeals from his conviction in the Wadsworth Municipal Court for contributing to the unruliness or delinquency of a child. We affirm.
 {¶ 2} On January 1, 2002, the State charged Defendant with two separate counts: (1) interference with custody, in violation of R.C.2919.23(A)(1); and (2) contributing to the unruliness or delinquency of a child, in violation of R.C. 2919.24(A)(1). A jury trial followed. Following the State's case-in-chief, Defendant moved for an acquittal, pursuant to Crim.R. 29(A); the trial court denied his motion. Defendant again moved for an acquittal after the close of his case. The trial court again denied his motion. The jury found Defendant guilty of contributing to the unruliness or delinquency of a child, and not guilty of interference with custody. The trial court sentenced him accordingly. Defendant timely appeals and raises two assignments of error for review.
 ASSIGNMENT OF ERROR I "The trial court committed reversible error by improperly instructing the jury that no culpable mental state was required to be convicted of contributing to the delinquency of a minor as it was a strict liability offense."
 {¶ 3} In his first assignment of error, Defendant contends that as R.C. 2919.24(A)(1), which defines contributing to the unruliness or delinquency of a child, does not establish the requisite mental state necessary for a conviction, the proper mental state is reckless. Consequently, Defendant avers that the trial court erroneously instructed the jury that contributing to the unruliness or delinquency of a child is a strict liability offense that requires no culpable mental state. We disagree.
 {¶ 4} R.C. 2919.24(A)(1) provides in relevant part: "[n]o person *** shall *** [a]id, abet, induce, cause, encourage, or contribute to a child *** becoming an unruly child, as defined in [R.C. 2151.02.2], or a delinquent child, as defined in [R.C. 2152.02.]" Although R.C. 2919.24
does not establish the requisite mental culpability, R.C. 2901.21(B) states:
 "[w]hen the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense."
 {¶ 5} It is well established that when a statute reads "no person shall ***" without reference to the required mental state, the statute is indicative of the legislature's intent to impose strict liability. Statev. Cheraso (1988), 43 Ohio App.3d 221, 223; State v. Wood (1989),63 Ohio App.3d 855, 861; State v. Shaffer (1996), 114 Ohio App.3d 97,103. See, also, State v. Won (Dec. 31, 1986), 9th Dist. No. 12658, at 3-4; State v. Wilson (June 13, 1991), 5th Dist. No. 90-CA-38; State v.Grimsley (1982), 3 Ohio App.3d 265, 267; State v. Harr (1992),81 Ohio App.3d 244, 249. Therefore, it follows that the legislature's use of the phrase "no person shall" in R.C. 2919.24(A)(1), without reference to the required mental state of the accused, indicates its intention to impose strict liability. Wood, 63 Ohio App.3d at 861. See, also, Statev. Thompson (1994), 97 Ohio App.3d 629, 634.
 {¶ 6} Furthermore, we note that other courts have concluded that R.C. 2151.41[1], the predecessor statute of R.C. 2919.24, plainly indicated a purpose to impose strict liability. State v. Cole (1982),8 Ohio App.3d 416, 418; State v. Jones (June 2, 1986), 7th Dist. No. 85-C-35. See, also, State v. Palider (Feb. 18, 1987), 9th Dist. No. 12557, at 6. As we conclude the statute imposes strict liability, the trial court properly instructed the jury regarding the mental culpability necessary for a finding of guilt to the charge of contributing to the unruliness or delinquency of a child. Therefore, the trial court did not err by issuing a strict liability instruction rather than a reckless instruction. Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "The evidence presented to [the] trial court was insufficient to support [Defendant's] conviction and is therefore contrary to law."
 {¶ 7} In his second assignment of error, Defendant challenges the sufficiency of the evidence presented at trial. Specifically, Defendant's challenge rests on his assertion that the requisite mental state of R.C.2919.24(A)(1) is reckless, and, therefore, as the State failed to establish that his conduct rose to the level of reckless, his conviction is contrary to law. Defendant's assertion lacks merit.
 {¶ 8} This court notes that Defendant has failed to set forth a single, legal authority to support his contentions that the trial court erred. As such, Defendant has failed to provide citations to authorities supporting his brief and the standard of review applicable to his assignments of error as required by App.R. 16(A)(7) and Loc.R. 7(A)(6). "It is the duty of the [defendant], not this court, to demonstrate his assigned error through an argument that is supported by citations tolegal authority and facts in the record." (Emphasis added.) State v.Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M, at 7; Cardone v. Cardone
(May 6, 1998), 9th Dist. Nos. 18349 and 18673, at 18 (writing "[i]f an argument exists that can support this assignment of error, it is not this court's duty to root it out"). Defendant had the burden of affirmatively demonstrating error on appeal. See Angle v. W. Res. Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, at 2; Frecska v. Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086, at 4. As Defendant has failed to demonstrate any legal error by the trial court in this assignment of error, this court has no choice but to disregard it. See App.R. 12(A)(2). Accordingly, Defendant's second assignment of error is overruled.
 {¶ 9} Defendant's assignments of error are overruled. The conviction in the Wadsworth Municipal Court is affirmed.
BAIRD, J. CONCURS.
[1] R.C. 2151.41 states in relevant part: "No person shall *** aid, abet, induce, cause, encourage, or contribute to the dependency, neglect, unruliness, or delinquency of a child ***, or act in a way tending to cause delinquency or unruliness in such child. ***"