[Cite as *State v. Stiles*, 2019-Ohio-3852.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 18CA0099 |
| | : | |
| TIFFANY STILES | : | |
| | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Licking County Court of
                                Common Pleas, Juvenile Division, Case
                                No. 18CA0099




JUDGMENT:                       AFFIRMED




DATE OF JUDGMENT ENTRY:         September 23, 2019




APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

WILLIAM C. HAYES                        MICHAEL R. DALSANTO
LICKING CO. PROSECUTOR                  33 West Main St., Ste. 109
MAXWELL TAYLOR                          Newark, OH 43055
20 S. Second St., Fourth Floor
Newark, OH 43055

*Delaney, J.*

{¶1}   Appellant Tiffany Stiles appeals from the September 21, 2018 Judgment Entry of the Licking County Court of Common Pleas, Juvenile Division.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   The following evidence is adduced from the record of appellant's bench trial on June 22, 2018.

{¶3}   Appellant's daughter, age 9 at the time, attended a school in the Licking County school district during the school year 2017-2018.  Concerns were raised regarding the child's attendance.  The following chart is adapted from appellee's exhibit D, a log of the child's absences and tardies, with notes regarding communication with appellant.

| Date of absence or tardy | Reason for absence or tardy offered by appellant | Action taken by school: excused or unexcused | Hours absent |
|---|---|---|---|
| Aug. 21, 2017 | Appellant called to say K.N. is ill | Excused | |
| Aug. 22, 2017 | Appellant called to say K.N. is ill | Excused | |
| Aug. 24, 2017 | Appellant called to say "went out of town with grandmother" | Unexcused | 6.0 |
| Aug. 31, 2017 | [Message left at residence; no response] | Unexcused | 6.0 |
| Sept. 6, 2017 | Appellant called but offered no explanation for absence | Unexcused | 6.0 |
| Sept. 7, 2017 | [Message left at residence; no response] | Unexcused | 6.0 |
| Sept. 11, 2017 | "No answer" | Unexcused | 6.0 |
| Sept. 14, 2017 | [Message left at residence, no response] | Unexcused | 6.0 |
| Oct. 4, 2017 | Appellant called to say K.N. is ill | Unexcused | 6.0 |
| Oct. 19, 2017 | "Left voicemail—death in the family" | Excused | |
| Oct. 23, 2017 | Funeral; appellant called but no documentation provided | Unexcused | 6.0 |
| Oct. 24, 2017 | Funeral; appellant called but no documentation provided | Unexcused | 6.0 |
| Oct. 25, 2017 | Left voicemail | Unexcused | 6.0 |

| Oct. 26, 2017 | Left voicemail | Unexcused | 6.0 |
|---|---|---|---|
| Oct. 27, 2017 | Death in the family; appellant called | Excused | |
| Nov. 2, 2017 | Doctor's appointment, provided doctor's excuse | Excused | |
| Nov. 13, 2017 | Appellant called to say K.N. has lice | Unexcused | 6.0 |
| Nov. 15, 2017 | Appellant called to say K.N. is ill | Unexcused | 6.0 |
| Nov. 16, 2017 | Sick and rash from lice treatment; doctor's excuse provided | Excused | |
| Nov. 29, 2017 | Excused tardy for counseling appointment; doctor's excuse provided | Excused | |
| Dec. 6, 2017 | Excused tardy for counseling appointment; doctor's excuse provided | Excused | |
| Dec. 13, 2017 | Excused tardy for counseling appointment; doctor's excuse provided | Excused | |
| Dec. 15, 2017 | Absence Intervention Meeting held | | |
| Dec. 18, 2017 | "Has HL per call from [appellant]" | [not indicated] | |
| Jan. 3, 2018 | Funeral; appellant called in | Unexcused | 6.0 |
| Jan. 4, 2018 | Left voicemail | Unexcused | 6.0 |
| Jan. 10, 2018 | Excused tardy for counseling appointment; doctor's excuse provided | Excused | |
| Jan. 11, 2018 | Left voicemail | Unexcused | 6.0 |
| Jan. 31, 2018 | Appellant brought doctor's excuse for tardy but said K.N. was ill, and K.N. absent entire day | Unexcused | 6.0 |
| Feb. 6, 2018 | K.N. ill, doctor's excuse for strep throat | Excused | |
| Feb. 8, 2018 | Unexcused early dismissal due to behavioral issues | | Unknown |
| Feb. 15, 2018 | Unexcused early dismissal after Valentine party | | Unknown |
| Feb. 21, 2018 | Unexcused tardy: counseling with no doctor's excuse | | Unknown |
| Feb. 26, 2018 | Absent, automated call from school | Unexcused | 6.0 |
| Feb. 27, 2018 | Unexcused early dismissal, no reason given | | Unknown |
| Mar. 1, 2018 | Appellant had panic attack about threats, decided not to send K.N. to school | Unexcused | 6.0 |
| Mar. 2, 2018 | Automated call | Unexcused | 6.0 |
| Mar. 5, 2018 | Automated call | Unexcused | 6.0 |
| Mar. 6, 2018 | Automated call | Unexcused | 6.0 |

| Mar. 7, 2018 | Automated call | Unexcused | 6.0 |
| Mar. 8, 2018 | Appellant says K.N. will be home schooled but not yet approved to do so | Unexcused | 6.0 |

{¶4} In the table, the count for "hours missed" is based upon the assistant principal's testimony that there are 6 hours in a school day. T. 117.

{¶5} The school communicated with appellant regarding her child's attendance. On or around September 17, 2017, appellant attended an "I.E.P." meeting with the assistant principal of the school and an intervention specialist. The purpose of the meeting was to discuss the child's individualized educational plan which addressed the child's behavioral issues. At the meeting, the assistant principal told appellant he sent her a letter stating that her child had missed 38 hours of school in a month.

{¶6} Specifically, the principal told appellant that she would have to provide documentation of the reason for her child's absences; for example, if K.N. was ill, appellant must provide the school with a doctor's excuse. Appellant was cooperative and indicated she understood the requirement. School personnel referred to this status throughout the trial as "medicals only," meaning that if K.N. was absent, a telephone call from appellant alone was insufficient. Mother would have to document the reasons for the absences, with a doctor's notes or other appropriate documentation.

{¶7} The assistant principal acknowledged at trial that his first letter to appellant stated she was required to provide "medicals" for the remainder of the month of September, but he said their conversation addressed the rest of the school year.

{¶8} On November 30, 2017, the school mailed appellant a letter stating her child was "habitually truant" and had missed 72 hours of school without a valid excuse.

{¶9} On December 15, 2017, an absence intervention meeting was held between appellant, the assistant principal, and the district's attendance officer. The purpose of such a meeting is to communicate with parents regarding the reasons for a student's frequent absences and to advise the parents of the school's expectations moving forward. Again, the assistant principal testified appellant was cooperative and compliant during the absence intervention meeting, acknowledging that there were days when K.N. may have "pulled the wool over [appellant's] eyes," or pretended to be ill when she wasn't. The plan going forward, therefore, was that if K.N. purported to be ill, appellant should bring her to school to see the nurse. If the nurse agreed K.N. was ill, she would be sent home and the absence would be excused. If not, K.N. would complete the school day.

{¶10} Appellee's exhibit I is the Absence Intervention Plan signed by appellant, the attendance officer, and the assistant principal. The Plan further states in pertinent part: "If within 60 days of implementing this Absence Intervention Plan the child misses without legitimate excuse 30 consecutive hours, 42 hours in 1 month (unless the absence intervention team has determined that the student has made substantial progress on the absence intervention plan) a complaint will be forwarded to the Licking County Juvenile Court for review."

{¶11} The absences continued, however. As indicated on the chart, some unexcused absences were due to the child's behavior; some were due to appellant's panic attacks over threats at a different school which led her to keep her child home; some were due to a death in the family and the ensuing funeral.

{¶12} Ultimately appellant sought and obtained approval to home-school her child.  The final approval occurred on March 9, 2018, and absences prior to the approval were unexcused.

{¶13} Appellant was charged by adult complaint with one count of contributing to the unruliness of a minor, to wit, Jane Doe, pursuant to R.C. 2919.24(A)(2)*[sic]*,[1] a misdemeanor of the first degree.  Appellant entered a plea of not guilty.

{¶14} The matter proceeded to bench trial and the trial court filed its Decision and Order on June 26, 2018.  In the Order, the trial court ordered the parties to brief whether appellee was estopped from filing the criminal charge against appellant because appellant did not fail to meet the terms of the Absence Intervention Plan.  Appellee filed its trial brief on July 31, 2018 and appellant filed hers on August 2, 2018.

{¶15} On August 10, 2018, the trial court filed a Judgment Entry finding appellant guilty as charged, and further finding that appellee was not estopped from pursuing prosecution despite errors in the process and a lack of strict compliance with Amended House Substitute Bill 410 which took effect on April 6, 2017.

{¶16} On September 21, 2018, following a sentencing hearing, the trial court sentenced appellant to a jail term of 90 days, with all 90 days suspended on various

---

[1] The statutory language of appellant's charge states: "No person, including a parent, guardian, or other custodian of a child, shall do any of the following: * * * * [a]ct in a way tending to cause a child or a ward of the juvenile court to become an unruly child or a delinquent child[.]"  Prior to April 6, 2017, this was R.C. 2919.24(A)(2).  Effective April 6, 2017, this became R.C. 2919.24(B)(2).  The complaint against appellant was filed on April 2, 2018; we have not located in the record where the applicable code section may have been corrected.  From this point forward we will cite appellant's charged offense as R.C. 2919.24(B)(2).

conditions including, e.g., that she works cooperatively with school personnel to assure Jane Doe's school attendance.

{¶17} Appellant now appeals from the judgment entry of the trial court dated September 21, 2018.

{¶18} Appellant raises five assignments of error:

**ASSIGNMENTS OF ERROR**

{¶19} "I. THE TRIAL COURT'S GUILTY VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS NOT SUPPORTED BY SUFFICIENT EVIDENCE BECAUSE THE STATE PRESENTED NO EVIDENCE THAT THE APPELLANT 'TENDED TO CAUSE' K.N. TO BE AN UNRULY CHILD IN VIOLATION OF R.C. 2919.42(B)(2)."

{¶20} "II. THE TRIAL COURT'S GUILTY VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS NOT SUPPORTED BY SUFFICIENT EVIDENCE BECAUSE THE SCHOOL FAILED TO COMPLY WITH R.C. 3321.16 & 3321.19 AS AMENDED BY H.B. 410. IT WAS THEREFORE IMPOSSIBLE FOR APPELLANT TO 'TEND TO CAUSE' K.N.'S UNRULINESS BASED [ON] SCHOOL ATTENDANCE."

{¶21} "III. THE TRIAL COURT'S GUILTY VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS NOT SUPPORTED BY SUFFICIENT EVIDENCE BECAUSE THE SCHOOL SUPERINTENDENT EXCUSED K.N. FROM COMPULSORY SCHOOL ATTENDANCE AFTER APPELLANT ENROLLED HER IN HOME-SCHOOLING. AS A RESULT, K.N. COULD NOT HAVE BEEN UNRULY AND APPELLANT COULD NOT HAVE 'TENDED TO CAUSE' HER UNRULINESS."

{¶22} "IV.  THE STATE OF OHIO IS ESTOPPED FROM PROSECUTING THE APPELLANT BECAUSE SHE REASONABLY RELIED ON THE SCHOOL ABSENCE INTERVENTION PLAN, WHICH SPECIFICALLY DISCLAIMED A COMPLAINT IN JUVENILE COURT IF K.N. DID NOT MISS 30 CONSECUTIVE HOURS OF SCHOOL OR 42 TOTAL HOURS BETWEEN DECEMBER 15TH, 2017 AND FEBRUARY 15, 2018 WHERE K.N. DID NOT MISS THE PROHIBITED NUMBER OF DAYS."

{¶23} "V.  R.C. 2919.24(B)(2) IS VOID FOR VAGUENESS AS APPLIED WHERE THE ALLEGED UNRULINESS ARISES OUT OF DEFICIENT SCHOOL ATTENDANCE, THE SCHOOL'S WRITTEN POLICIES DO NOT EXPLAIN WHAT ACTIVITIES CONSTITUTE UNEXCUSED ABSENCES, THE POLICIES THAT DO EXIST ARE APPLIED SEEMINGLY AT RANDOM, AND WRITTEN PRONOUNCEMENTS FROM THE SCHOOL DIRECTLY CONTRADICT VERBAL DIRECTIVES FROM SCHOOL OFFICIALS.  FOR THE SAME REASON, THE VERDICT IS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

## ANALYSIS

### I., II., III., IV., V.

{¶24} Appellant's five assignments of error are related and will be addressed together.  Appellant argues her conviction is not supported by sufficient evidence and is against the weight of the evidence.  Appellant further argues appellee was estopped from prosecuting her due to an Absence Intervention Plan.  For the first time on appeal, appellant also argues that R.C. 2919.24 is void for vagueness as applied to her.  For the

following reasons, we disagree with each of appellant's contentions and affirm her conviction.

*Appellant charged pursuant to R.C. 2919.24(B)(2)*

{¶25} The complaint against appellant charges her with violating R.C. 2919.24(B)(2), contributing to the delinquency of a minor, and states in pertinent part:

> [f]rom August 1, 2017 to March 21, 2018, * * * [appellant] did act in such a way tending to cause a child, [K.N.], to become an unruly child, as defined in Section 2151.022(B) of the Ohio Revised Code, to-wit: [appellant] failed to ensure that * * * [K.N.] attended school. K.N. is a 9-year-old 3rd grade student, who is required to attend * * * School.  The action and/or inaction of [appellant] caused her [child] to be absent from school without legitimate excuse for thirty or more consecutive hours, forty-two or more hours in one school month, or seventy-two or more hours for the 2017-2018 school year, thereby rendering [K.N.] an habitual truant as defined by Section 2151.011(B)(18) of the Ohio Revised Code. * * * *.

{¶26} R.C. 2919.24(B)(2) states: "No person, including a parent, * * * shall * * * [a]ct in a way tending to cause a child or a ward of the juvenile court to become an unruly child or a delinquent child."  Pursuant to R.C. 2151.022(B), an "unruly child" includes "any child who is a habitual truant from school."  Pursuant to R.C. 2151.011(B)(18), "habitual truant" means "any child of compulsory school age who is absent without legitimate excuse for absence from the public school the child is supposed to attend for thirty or more consecutive hours, forty-two or more hours in one school month, or seventy-two or

more hours in a school year."  The question is not whether there was sufficient evidence to establish K.N. was unruly; rather, the question is whether appellee produced sufficient evidence to show appellant acted in a manner that would tend to cause K.N. to become unruly as defined in R.C. 2151.022 between August 1, 2017 and March 8, 2018.  *State v. Schnebeli*, 5th Dist. Licking No. 18-CA-47, 2019-Ohio-860, ¶ 26.[2]

{¶27} As both parties acknowledge, it was not necessary for appellee to establish that K.N. was unruly.  "Where it is charged that a defendant did 'act in a way tending to cause delinquency' in a child, it is not necessary, for a conviction, to establish an actual delinquency, but only that the acts of the defendant were within themselves of such a nature that they would tend to cause delinquency in such child * * *."  *State v. Collins*, 5th Dist. Stark No. CA-7312, 1988 WL 37997, *2, citing *State v. Gans*, 168 Ohio St. 174, 151 N.E.2d 709 (1958) at paragraph one of the syllabus.

{¶28} Appellant argues her conviction is against the manifest weight and sufficiency of the evidence.  The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different.  *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus.  The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence

---

[2] The complaint references March 21, 2018 as the end date of the charged conduct, but the trial court ruled it would consider appellant's conduct through March 8, 2018, the date of a letter from the district superintendent advising appellant she was approved to home-school K.N.  T. 6.

admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶29} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

*H.B. 410 requirements, including Absence Intervention Plan, not relevant*

{¶30} Appellant argues throughout her brief that appellee failed to comply with a number of requirements of recently-enacted Ohio truancy law. In December 2016, the Ohio General Assembly passed H.B. 410, which went into effect for the 2017-2018 school year. The bill changed how juvenile courts handle truancy and required schools to be actively engaged with students to address attendance issues prior to filing truancy charges in juvenile court. The bill also, e.g., changed attendance requirements from days absent to hours absent. Once a student misses a certain number of hours, the school is required to enact an absence intervention plan. The student's progress on the absence

intervention plan is integral to whether further action is taken, including a complaint in juvenile court.

{¶31} As appellee points out, the H.B. 410 amendments are relevant to charges of unruly by means of being a habitual truant pursuant to R.C. 2151.022(B) and failure to send child to school pursuant to R.C. 3321.38(A). Those violations are not at issue in this case because appellant, an adult, is charged with contributing pursuant to R.C. 2919.24(B)(2). R.C. 2919.24 and 3321.38 are "two independent offenses" and "the prosecutor has the sole discretion as to whether to enforce R.C. 2919.24, irrespective of whether an action is brought under R.C. 3321.38." *State v. Wood*, 63 Ohio App.3d 855, 861–62, 580 N.E.2d 484, 488–89 (6th Dist.1989), *dismissed,* 48 Ohio St.3d 704, 549 N.E.2d 1190 (1990), overruled on other grounds by *State v. Moody*, 104 Ohio St.3d 244, 2004-Ohio-6395, 819 N.E.2d 268. We therefore conclude the Absence Intervention Plan and any deficiencies therein do not prevent appellee from prosecuting pursuant to R.C. 2919.24(B)(2).

{¶32} We have previously observed that the compulsory school attendance laws under Chapter 3321 of the Revised Code provide penalties for failing to send one's child to school, and in contrast, R.C. 2919.24 sanctions behavior which contributes to a child becoming a habitual truant. *In re Kent*, 5th Dist. Stark No. 2000CA0167, 2001 WL 109131, *4. R.C. 2919.24 provides a different and more serious offense for contributing to the habitual truancy of a child than does Chapter 3321 for merely failing to send a child to school. *Id.* The conduct prohibited by the two statutes is not the same and thus is not irreconcilable. *Id.*

{¶33} Appellee can prosecute appellant under R.C. 2919.24 based upon failure to send her child to school. *State v. Wood*, 63 Ohio App.3d 855, 861–62, 580 N.E.2d 484, 488–89 (6th Dist.1989), *dismissed,* 48 Ohio St.3d 704, 549 N.E.2d 1190 (1990), overruled on other grounds by *State v. Moody*, 104 Ohio St.3d 244, 2004-Ohio-6395, 819 N.E.2d 268 [R.C. 2919.24 and 3321.38 are two independent offenses and prosecutor has sole discretion as to whether to enforce R.C. 2919.24, irrespective of whether an action is brought under R.C. 3321.38]. See also, *State v. Bradley*, 12th Dist. Warren No. CA2016-11-094, 2017-Ohio-7121 [R.C. 3321.38 is a "less severe" offense than R.C. 2919.24, is a separate offense of a different degree, and has applicable defenses that don't apply to R.C. 2919.24].

{¶34} The issue presented by this case, therefore, is whether appellant acted in a way tending to cause K.N. to be absent without legitimate excuse for thirty or more consecutive hours, forty-two or more hours in one school month, or seventy-two or more hours in a school year. R.C. 2919.24(B)(2); R.C. 2151.022(B); R.C. 2151.011(B)(18). Based upon the chart, K.N. was absent without excuse 30 or more consecutive hours in March 2018 and was absent without excuse in excess of 72 hours for the 2017-2018 school year.

*Evidence established appellant tended to cause K.N. to become unruly*

{¶35} Appellant next argues appellee failed to establish that she acted in a way which tended to cause unruliness of K.N., pointing to the number of times appellant did provide a doctor's note. K.N. was 9 years old during the relevant time frame. *Id.* Although appellant acknowledged that K.N. was not always truthful about feeling ill, and the school gave her the option of bringing K.N. in to see the school nurse, K.N. still missed

entire days for illness and appellant failed to produce a doctor's note. Appellant points to the fact that K.N. was suspended from riding the bus for two days due to behavioral issues, but she fails to explain why the bus suspension should have led to two school days entirely absent. Similarly, the call about head lice could have been verified through the school nurse and not resulted in an unexcused absence.

{¶36} We find the record is contrary to appellant's assertion that she "was in significant contact" with the school regarding the absences. The table supra is replete with messages from the school that were not returned, purported medical absences that were not documented, and absences due to family issues that were not properly documented. The child missed at least one day, March 1, 2018, entirely due to appellant's own panic attack regarding threats at a different school entirely. Finally, appellant didn't send K.N. to school from March 2 through March 8 despite not yet having approval for home schooling.

{¶37} In short, the record demonstrates appellant enabled K.N's behavior for several months, including the dates considered by the trial court, and such enabling tended to cause K.N. to become an habitual truant. *Schnebeli*, supra, 2019-Ohio-860 at ¶ 27. The evidence does establish appellant affirmatively kept K.N. home from school and failed to take steps to ensure that K.N. would attend school. See, *State v. Michael*, 108 Ohio App.3d 285, 290, 670 N.E.2d 560 (2nd Dist.1996).

*R.C. 2919.24(B)(2) is not void for vagueness as applied*

{¶38} Finally, appellant argues R.C. 2919.24(B)(2) is void for vagueness as applied to her because the school's attendance rules were inconsistently and arbitrarily enforced. Appellant did not make this argument before the trial court. Generally, a

constitutional argument that is not raised in the trial court is "waived and cannot be raised for the first time on appeal." *In re L.Z.*, 5th Dist. No. 15-CA-36, 2016-Ohio-1337, 61 N.E.3d 776, ¶ 29, citing *State v. Brewer,* 2nd Dist. Montgomery No. 26153, 2015-Ohio-693, 2015 WL 848406, ¶ 36. We may still "consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it." *Id.,* citing *In re M.D.,* 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), syllabus.

{¶39} Appellant argues R.C. 2919.24(B)(2) is void for vagueness because it encourages arbitrary enforcement as applied to her. "Under the vagueness doctrine, statutes which do not fairly inform a person of what is prohibited will be found unconstitutional as violative of due process." *State v. Carrick*, 131 Ohio St.3d 340, 2012-Ohio-608, 965 N.E.2d 264, ¶ 14, citing *State v. Reeder,* 18 Ohio St.3d 25, 26, 479 N.E.2d 280 (1985) and *Connally v. Gen. Constr. Co.,* 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926); *Columbus v. Thompson,* 25 Ohio St.2d 26, 266 N.E.2d 571 (1971). However, "'[i]mpossible standards of specificity are not required. * * * The test is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.'" Id. at ¶ 14, quoting *Jordan v. De George,* 341 U.S. 223, 231–232, 71 S.Ct. 703, 95 L.Ed. 886 (1951).

{¶40} A facial challenge requires that "the challenging party * * * show that the statute is vague 'not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.'" *Carrick*, supra, 2012-Ohio-608, at ¶ 15, citing *State v. Anderson,* 57 Ohio St.3d 168, 171, 566 N.E.2d 1224 (1991), quoting *Coates v. Cincinnati,* 402 U.S. 611, 614, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971). Stated another way,

"the challenger must show that upon examining the statute, an individual of ordinary intelligence would not understand what he is required to do under the law." Id.  Appellant "must prove, beyond a reasonable doubt that the statute was so unclear that he could not reasonably understand that it prohibited the acts in which he engaged." Id., citing *United States v. Harriss,* 347 U.S. 612, 617, 74 S.Ct. 808, 98 L.Ed. 989 (1954); 25 Ohio Jurisprudence 3d, Criminal Law, Section 8, at 106 (1981).

{¶41} Appellant does not argue that R.C. 2919.24(B)(2) is unclear or not susceptible to being easily understood; in fact, she concedes it is not void on its face (Brief, 24.)  Instead she argues the statute is unconstitutional as applied to her because the enforcement by K.N.'s school was confusing and contradictory.  "In an as-applied challenge, the challenger 'contends that application of the statute in the particular context in which he has acted, or in which he proposes to act, [is] unconstitutional.'" *Carrick*, supra, 2012-Ohio-608 at ¶ 16, citing *State v. Lowe,* 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 17, quoting *Ada v. Guam Soc. of Obstetricians & Gynecologists,* 506 U.S. 1011, 113 S.Ct. 633, 121 L.Ed.2d 564 (1992) (Scalia, J., dissenting). Thus, an as-applied challenge focuses on the particular application of the statute.

{¶42} Appellant's as-applied challenge is premised upon the fact that the testimony of school personnel was inconsistent as to what constituted an excused absence versus an unexcused absence.  We note, however, that at the I.E.P. meeting and at the absence intervention meeting, appellant was given options to address K.N.'s absences.  We found supra that appellant's conviction is supported by sufficient evidence and is not against the manifest weight of the evidence.  Appellant has presented us with no authority establishing why application of the contributing statute to her is

unconstitutionally void for vagueness.  The statute is not so unclear appellant could not reasonably understand that it prohibited her from keeping her child out of school 24 days as evidenced by the chart, nor is it unconstitutional as applied to her conduct.

{¶43} Appellant's five assignments of error are overruled.  Her conviction is supported by sufficient evidence and is not against the manifest weight of the evidence. Appellee was not estopped from prosecuting her pursuant to R.C. 2919.24(B)(2) and the statute is not void for vagueness as applied to her.

**CONCLUSION**

{¶44} Appellant's five assignments of error are overruled and the judgment of the Licking County Court of Common Pleas, Juvenile Division is affirmed.

By:  Delaney, J.,

Gwin, J. and

Wise, John, J., concur.