OPINION *Page 2 
{¶ 1} Appellant Ryan Haney, a minor, appeals his adjudication of delinquency, in the Tuscarawas County Court of Common Pleas, Juvenile Division, by reason of cruelty to an animal. The relevant facts leading to this appeal are as follows.
 {¶ 2} On March 4, 2006, appellant went hunting, utilizing a shotgun, on wooded property owned by Charles Young. Appellant, age seventeen at the time, had been on the property before, as the Haney family purportedly had written permission from Mr. Young to hunt on the land.
 {¶ 3} On that same afternoon, Alan Stutzman and his daughter were washing a car in their driveway, accompanied by the family's ten-year-old Jack Russell Terrier, Rascal. Due to something capturing his attention from the direction of the adjoining Young property, Rascal ran from the Stutzmans' yard for a few minutes. At about 4:30 PM, Stutzman heard three loud gunshots. He proceeded to search the area, and soon found Rascal's lifeless body in the woods on the Young property. The dog appeared to Stutzman to have been shot.
 {¶ 4} As further discussed infra, Stutzman checked the area further and made inquiry of some of his neighbors. Additionally, he contacted the Tuscarawas County Sheriff's Department, which further investigated the matter.
 {¶ 5} On March 17, 2006, appellant was served with a complaint alleging he was delinquent by reason of violating R.C. 959.13(A)(1) (cruelty to an animal), R.C. 1533.10 (hunting without a license), and R.C. 1533.171(A) (injury of persons or property by a hunter). Appellant admitted to a violation of R.C. 1533.10 only. The remaining charges proceeded to an evidentiary adjudication on August 3, 2006. *Page 3 
 {¶ 6} On August 10, 2006, the trial court issued its decision on the delinquency complaint. The trial court therein indicated it was "reasonably sure that Ryan Haney did not actually intend to kill this dog[,]" but found appellant delinquent on all three counts. Judgment Entry at 4-5.
 {¶ 7} The court issued a disposition entry on August 29, 2006, ordering that appellant's hunting license be suspended for three years and that he perform forty hours of community service at an animal clinic. Appellant was also ordered to pay $500 in restitution, plus court costs.
 {¶ 8} On September 18, 2006, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:
 {¶ 9} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT CONVICTED DEFENDANT BASED UPON THE APPLICATION OF A LEGALLY INACCURATE STANDARD OF RECKLESSNESS AS AN ELEMENT OF R.C. 959.13(A)(1).
 {¶ 10} "II. THE STATE PRESENTED INSUFFICIENT EVIDENCE TO PROVE DEFENDANT GUILTY BEYOND A REASONABLE DOUBT OF A VIOLATION OF 959.13(A)(1) OF THE OHIO REVISED CODE."
 I. {¶ 11} In his First Assignment of Error, appellant challenges the trial court's application of an allegedly inaccurate recklessness standard in regard to the charge of animal cruelty.
 {¶ 12} R.C. 959.13(A)(1) states as follows: "No person shall * * * [t]orture an animal, deprive one of necessary sustenance, unnecessarily or cruelly beat, needlessly *Page 4 
mutilate or kill, or impound or confine an animal without supplying it during such confinement with a sufficient quantity of good wholesome food and water." Pursuant to R.C. 959.99(D), whoever violates division (A) of R.C. 959.13 is guilty of a misdemeanor of the second degree.
 {¶ 13} Appellant maintains that the offense of cruelty to an animal is not a strict liability offense. He thus specifically claims the trial court "applied an improper standard of `recklessness,' or no standard at all, to the instant case * * *." Appellant's Brief at 7-8.
 {¶ 14} However, in State v. Donnelly (February 22, 1999), Ashland App. No. 98 COA 01272, this Court cited State v. Hafle (1977),52 Ohio App.2d 9, 367 N.E.2d 1226, for the proposition that culpability is not required when prosecuting under R.C. 959.13(A)(1). We concluded that "* * * because a specific culpability is not stated and the statute uses the phrase `[n]o person shall,' we find the statute to be a per se
statute requiring no degree of mens rea to sustain a conviction." Id.
 {¶ 15} In light of our precedent in Donnelly, we find appellant's argument lacks merit. Appellant's First Assignment of Error is therefore overruled.
 II. {¶ 16} In his Second Assignment of Error, appellant contends his adjudication of delinquency for cruelty to an animal was not supported by the sufficiency of the evidence. We disagree.
 {¶ 17} In a delinquency proceeding, the state must prove its case against a juvenile beyond a reasonable doubt. In re Winship (1970), 397 U .S. 358. In considering an appeal concerning the sufficiency of the evidence, our standard is as follows: "* * * [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, *Page 5 
whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v.Jenks (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492.
 {¶ 18} In the case sub judice, Rascal's owner, Alan Stutzman, testified that he first investigated the shooting by looking around the area in the woods where he found the dog's body. He then proceeded to an oil well access road on the Young property, where he observed fresh tire tracks. Tr. at 9-10. After returning home to tell his wife, Kim, about Rascal, Stutzman went to the residence of a neighbor, Bill Westbrook, and told him what had happened. Stutzman and Westbrook then went back to the woods with Kim to examine Rascal. The dog had numerous pellet wounds to its muzzle, head, and body. Tr. at 11, 69. The record indicates that a shotgun shell casing was discovered by Westbrook just twenty-five yards from where Rascal's body was found. Westbrook, who is a hunter, smelled gunpowder on the shell and opined that it had recently been fired. Tr. at 67, 69.
 {¶ 19} Alan Stutzman's wife, Kim, testified that she went to the woods to retrieve Rascal's body on March 4, 2006, a relatively warm, clear day. She noted the dog was about fifteen inches in height and all white, except for a small brown patch on his back. Tr. at 31-32. In contrast, the landscape had scarce spring vegetation at that time of year. Tr. at 36, 37. Kim also found out that some other neighbors had seen a pickup truck equipped with lockout hubs parked on the access road; she saw a truck matching that description in appellant's driveway the next day. Tr. at 34. In addition, although appellant later claimed he had been shooting at an empty bottle, neither Kim nor Westbrook could locate any bottles or broken glass in the area. Tr. at 35. *Page 6 
 {¶ 20} Sergeant Chris Douglass of the Tuscarawas County Sheriffs Department testified that he spoke with appellant's parents on the day Rascal was shot, then spoke with appellant a couple of days later at the Haneys' home. Appellant had first denied any responsibility for shooting the dog, but later said he was hunting coyote on the afternoon in question and decided to shoot at a beer bottle after not finding any prey. Tr. at 78-79. Appellant then informed Sgt. Douglass that his shot struck the dog after missing the bottle. Tr. at 79. Sgt. Douglass took possession of appellant's Mossberg shotgun, and observed that it had been modified with a "choke tube," which creates a narrower pellet pattern. Tr. at 82.
 {¶ 21} In addition to the aforesaid State's evidence, appellant admitted in his defense testimony that he was on the Young property the day Rascal was shot. Tr. at 111. He affirmed that it was "probably true" that Rascal died as a result of his actions, but he stated that he didn't know for sure if he had shot the dog. Tr. at 120. He maintained that the purported target bottle, which he insisted he had thrown into the woods, was originally only five to ten feet from where he found Rascal's body. Id. at 123.
 {¶ 22} Ohio law recognizes that circumstantial evidence is sufficient to prove the essential elements in a criminal case. State v. Willey
(Nov. 24, 1998), Guernsey App. No. 98 CA 6, citing State v. Hopfer
(1996), 112 Ohio App.3d 521, 558, 679 N.E.2d 321. Furthermore, when reviewing evidence, an appellate court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses. State v. Papusha, Preble App. No. CA2006-11-025,2007-Ohio-3966, ¶ 20, citing State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Upon review of the *Page 7 
record in the light most favorable to the prosecution, we find a reasonable trier of fact could have found beyond a reasonable doubt that appellant needlessly killed Rascal, in violation of R.C. 959.13(A)(1).
 {¶ 23} Appellant's Second Assignment of Error is overruled.
 {¶ 24} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Tuscarawas County, Ohio, is hereby affirmed.
By: Wise, J., Edwards, J., concurs.
 Hoffman, P. J., concurs separately. *Page 8