[Cite as *State v. Ward*, 2019-Ohio-883.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| LIDA WARD | : | Case No. 18-CA-19 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Municipal Court,
Case No. CRB1702455


JUDGMENT:      Reversed and Remanded


DATE OF JUDGMENT:      March 13, 2019

APPEARANCES:

For Plaintiff-Appellee

MITCHELL R. HARDEN
136 West Main Street
Lancaster, OH 43130

For Defendant-Appellant

RYAN SHEPLER
158 East Main Street
P.O. Box 388
Logan, OH 43138-0388

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Lida Ward, appeals her April 30, 2018 conviction for animal cruelty in the Municipal Court of Fairfield County, Ohio.  Plaintiff-Appellee is the state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶ 2}   On September 29, 2017, appellant was charged with eleven counts of animal cruelty in violation of R.C. 959.13(A)(1).  Said charges stemmed from complaints by the Fairfield Area Humane Society regarding the care and appearance of eleven horses on appellant's property.  On March 7, 2018, the charges were amended to clarify which horse corresponded to each count.

{¶ 3}   A jury trial commenced on April 17, 2018.  The jury found appellant guilty on one charge pertaining to a horse named "Joy."  The jury found appellant not guilty of the remaining nine counts.[1]   By judgment entry filed April 30, 2018, the trial court sentenced appellant to ninety days in jail with ninety days suspended, and three years of non-reporting probation.  Appellant was ordered to pay a $500 fine.  "Joy" was forfeited to the Humane Society and the remaining horses were returned to appellant.

{¶ 4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 5}   "THE TRIAL COURT ERRED BY FINDING THAT 959.13(A) IS A STRICT LIABILITY OFFENSE, AND BY FAILING TO INSTRUCT THE JURY ON RECKLESSNESS AS AN ELEMENT OF THAT OFFENSE."

---

[1]One of the eleven horses was euthanized prior to trial, leaving ten horses.

II

{¶ 6} "THE TRIAL COURT ERRED BY EXCLUDING CHARACTER EVIDENCE TO BE PRESENTED BY MS. WARD."

III

{¶ 7} "THE STATE PRESENTED INSUFFICIENT EVIDENCE TO SUPPORT A CONVICTION OF MS. WARD."

IV

{¶ 8} "THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I

{¶ 9} In her first assignment of error, appellant claims the trial court erred in finding R.C. 959.13(A)(1) to be a strict liability offense and in failing to instruct the jury on the requisite culpability of "recklessly." We agree.

{¶ 10} Appellant was convicted of one count of animal cruelty in violation of R.C. 959.13(A)(1) which states: "No person shall: (1) Torture an animal, deprive one of necessary sustenance, unnecessarily or cruelly beat, needlessly mutilate or kill, or impound or confine an animal without supplying it during such confinement with a sufficient quantity of good wholesome food and water."

{¶ 11} R.C. 2901.21(B) states the following:

When the language defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not

required for a person to be guilty of the offense. The fact that one division of a section plainly indicates a purpose to impose strict liability for an offense defined in that division does not by itself plainly indicate a purpose to impose strict criminal liability for an offense defined in other divisions of the section that do not specify a degree of culpability.

{¶ 12} Subsection (C)(1) states: "When language defining an element of an offense that is related to knowledge or intent or to which mens rea could fairly be applied neither specifies culpability nor plainly indicates a purpose to impose strict liability, the element of the offense is established only if a person acts recklessly."

{¶ 13} On April 16, 2018, prior to trial, appellant requested to add an additional jury instruction to wit, the culpability of "recklessly" as defined in R.C. 2901.22(C). The trial court denied the request, finding: "I find that it's not applicable in this matter. The reckless I don't find to be part of this statute. As I have indicated before, I think there is another section that it may apply, but that's not the section that is charged today so I will overrule the motion." T. at 6.

{¶ 14} In order to determine this issue, we will review this court's previous opinions on the requisite culpability of R.C. 959.13(A)(1).

{¶ 15} In 1999, this court decided *State v. Donnelly,* 5th Dist. Ashland No. 98 COA 01272, 1999 WL 172772 (Feb. 22, 1999). This court stated the following at *3:

Courts have found culpability is not required when prosecuting under R.C. 959.13(A)(1). See, *State v. Hafle* (1977), 52 Ohio App.2d 9, 367

N.E.2d 1226. Further, because a specific culpability is not stated and the statute uses the phrase "[n]o person shall," we find the statute to be a per se statute requiring no degree of mens rea to sustain a conviction.

{¶ 16} In 2004, the Supreme Court of Ohio decided *State v. Moody,* 104 Ohio St.3d 244, 2004-Ohio-6395, 819 N.E.2d 268. The *Moody* court was asked to answer the certified question of whether R.C. 2919.24, contributing to unruliness or delinquency, was a strict liability offense. The court explained the following at ¶ 16 in pertinent part:

The statute does not specify a degree of mental culpability. Nor does it plainly indicate a purpose to impose strict liability. The fact that the statute contains the phrase "No person shall" does not mean that it is a strict criminal liability offense. The statute in question in *Collins,* 89 Ohio St.3d 524, 733 N.E.2d 1118, contained the same wording yet we did not impose strict criminal liability. Instead, we stressed that there must be other language in the statute to evidence the General Assembly's intent to impose strict criminal liability.

{¶ 17} In 2007, this court decided *State v. Martin,* 5th Dist. Stark No. 2006CA00339, 2007-Ohio-4821. This court reviewed a violation of R.C. 959.13(A)(1) and stated at ¶ 47: "The requisite mental state for this offense is recklessness."

{¶ 18} Seven days later, this court decided *State v. Haney,* 5th Dist. Tuscarawas No. 2006 AP 09 0052, 2007-Ohio-5057. This court at ¶ 14-15 followed the precedent set

forth in *Donnelly,* that R.C. 959.13(A)(1) was a strict liability offense. The prosecutor sub judice cited this case to the trial court in arguing against the inclusion of the instruction on recklessly. T. at 6.

{¶ 19} In 2017, this court decided *State v. Paul,* 5th Dist. Ashland No. 16-COA-036, 2017-Ohio-4054. This court reviewed a local ordinance identical to R.C. 959.13. This court stated at ¶ 19: "Proof of recklessness is required to sustain a conviction under the R.C. 959.13(A), and hence under Loudonville Ordinance 618.05." We note the local ordinance followed the language of subsection (A)(2), not (A)(1). We do not find a difference in the level of culpability in these two sections.

{¶ 20} Today, this court follows the precedent set forth in *Martin* and *Paul,* and hereby hold the requisite culpability for a violation of R.C. 959.13(A)(1) to be recklessly. This holding is in line with ten other districts as outlined by appellant in her brief at 8-9.[2]

{¶ 21} Based upon today's decision, we find the trial court erred in failing to add the additional jury instruction of recklessly as requested by appellant.

{¶ 22} Assignment of Error I is granted.

### II, III, IV

{¶ 23} In light of our decision in Assignment of Error I, these assignments of error are rendered moot.

{¶ 24} The judgment of the Municipal Court of Fairfield Count, Ohio is hereby reversed, and the matter is remanded to said court for further proceedings consistent with this opinion.

---

[2]It appears the second district has not been called upon to determine the issue.

By Wise, Earle, J.

Gwin, P.J. and

Baldwin, J. concur.

EEW/db 31