THE STATE OF OHIO, APPELLANT, *v.* MOODY, APPELLEE.

[Cite as *State v. Moody,* 104 Ohio St.3d 244, 2004-Ohio-6395.]

(No. 2003–0899—Submitted September 15, 2004—Decided December 8.)

FRANCIS E. SWEENEY, SR., J.

{¶ 1} Defendant-appellee, Christina Moody, n.k.a. Christina Smith, was charged with contributing to the unruliness of a child, in violation of former R.C. 2919.24(A)(1).[1] The charge was based upon Moody's allowing 17–year–old Bryan Rutherford to stay overnight at her apartment without his mother's consent. At the time, Moody shared the apartment with Bryan's cousin, Ryan Smith, to whom she is now married.

{¶ 2} Prior to trial, appellant, the state, argued that former R.C. 2919.24 was a strict criminal liability statute. The trial court disagreed, instead finding that the culpable mental state for the offense was recklessness. Since there was no evidence of recklessness, the trial court found appellee not guilty of the offense. The court of appeals affirmed the decision. Finding its decision to be in conflict with judgments of other appellate districts (*State v. Wood* [1989], 63 Ohio App.3d 855, 580 N.E.2d 484; *State v. Thompson* [1994], 97 Ohio App.3d 629, 647 N.E.2d 226; *State v. Stuck,* Medina App. No. 02CA0071–M, 2003-Ohio-1596, 2003 WL 1689601), the appellate court certified its decision to this court. The cause is before this court upon our determination that a conflict exists.

{¶ 3} The following question is certified for our review: "Is [former] R.C. 2919.24 a strict liability statute?" For the reasons that follow, we answer the certified question in the negative.

{¶ 4} R.C. 2901.21(B) sets forth the requisite test for determining whether a criminal statute is a strict-liability offense. R.C. 2901.21(B) provides:

{¶ 5} "When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not required for a person

---

1. Moody was charged under former R.C. 2919.24, which was subsequently amended, most recently in S.B. No. 5, Baldwin's Legislative Service Annotated (Vol. 7, 2003), L–1908; however, the substance of the statute pertinent to this case remains unchanged.

to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense."

{¶ 6} In accordance with this statute, we have held that "recklessness is the catchall culpable mental state for criminal statutes that fail to mention any degree of culpability, except for strict liability statutes, where the accused's mental state is irrelevant. However, for strict liability to be the mental standard, the statute must plainly indicate a purpose to impose it." *State v. Lozier*, 101 Ohio St.3d 161, 2004-Ohio-732, 803 N.E.2d 770, ¶ 21. Thus, in construing R.C. 2901.21(B), we have repeatedly held that in order to impose strict criminal liability, the statute must clearly show such legislative intent. See *State v. Maxwell*, 95 Ohio St.3d 254, 2002-Ohio-2121, 767 N.E.2d 242; *State v. Jordan* (2000), 89 Ohio St.3d 488, 493, 733 N.E.2d 601; *State v. McGee* (1997), 79 Ohio St.3d 193, 195, 680 N.E.2d 975; *State v. Wac* (1981), 68 Ohio St.2d 84, 86, 22 O.O.3d 299, 428 N.E.2d 428.

{¶ 7} Turning to the statute at issue, former R.C. 2919.24 provided:

{¶ 8} "(A) No person shall * * *:

{¶ 9} "(1) Aid, abet, induce, cause, encourage, or contribute to a child * * * becoming an unruly child * * *."

{¶ 10} Appellee maintains, as the court of appeals held, that since former R.C. 2919.24 does not specify a degree of mental culpability, the General Assembly intended recklessness to be the culpable mental state. The state acknowledges that former R.C. 2919.24 does not specify a degree of culpability. Nevertheless, the state argues that the statutory language, when viewed in combination with the public-policy concerns underlying the statute, plainly indicates a purpose to impose strict liability. In particular, the state stresses that the wording of former R.C. 2919.24, which begins with the phrase "No person shall," is indicative of an intent to impose strict criminal liability. See, e.g., *State v. Wood* (1989), 63 Ohio App.3d 855, 861, 580 N.E.2d 484, in which the Sixth District Court of Appeals held that the use of the word "shall" in former R.C. 2919.24 clearly indicates that strict criminal liability is intended. The state further argues that the public-policy concerns (protection of the health, safety, and well-being of children) underlying the statute indicate that strict liability is intended. Thus, the state argues that the lower courts erred in applying recklessness as the standard of culpability to former R.C. 2919.24.

{¶ 11} In *State v. Collins* (2000), 89 Ohio St.3d 524, 528–530, 733 N.E.2d 1118, we rejected similar arguments made by the state. In that case, the state argued that for public-policy reasons, the failure to follow a court-ordered child-support order was a strict criminal liability offense, pursuant to R.C. 2919.21(B). However, based upon the clear wording of the statute, we held otherwise. We stated:

{¶ 12} "It is not enough that the General Assembly in fact intended imposition of liability without proof of mental culpability. Rather the General Assembly must plainly indicate that intention in the language of the statute." Id. at 530, 733 N.E.2d 1118.

{¶ 13} Although we recognized that there were strong public-policy arguments supporting the state's position, we adhered to our view that the statutory language must make plain the General Assembly's intent to impose strict liability. In reaching this conclusion, we stated:

{¶ 14} "Were we to accept the state's argument that public policy considerations weigh in favor of strict liability, thereby justifying us in construing R.C. 2919.21(B) as imposing criminal liability without a demonstration of any *mens rea*, we would be writing language into the provision which simply is not there— language which the General Assembly could easily have included, but did not." Id.

{¶ 15} As applied to this case, we turn to the language of former R.C. 2919.24(A)(1), since a court must first look to the language of the statute to determine legislative intent. *State v. Jordan* (2000), 89 Ohio St.3d 488, 492, 733 N.E.2d 601. "If the meaning of the statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary." *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.* (1996), 74 Ohio St.3d 543, 545, 660 N.E.2d 463. Thus, "it is the duty of this court to give effect to the words used, not to delete words used or to insert words not used." *Cleveland Elec. Illum. Co. v. Cleveland* (1988), 37 Ohio St.3d 50, 524 N.E.2d 441, paragraph three of the syllabus.

{¶ 16} The wording of former R.C. 2919.24 is clear and unambiguous. The statute does not specify a degree of mental culpability. Nor does it plainly indicate a purpose to impose strict liability. The fact that the statute contains the phrase "No person shall" does not mean that it is a strict criminal liability offense. The statute in question in *Collins,* 89 Ohio St.3d 524, 733 N.E.2d 1118, contained the same wording yet we did not impose strict criminal liability. Instead, we stressed that there must be other language in the statute to evidence the General Assembly's intent to impose strict criminal liability.

{¶ 17} No such intention is present in the wording of former R.C. 2919.24. In fact, if we were to interpret former R.C. 2919.24 in the manner suggested by the state, we would be violating well-settled principles of statutory construction by failing to construe the statute as written. Since former R.C. 2919.24 neither specifies a degree of culpability nor plainly indicates that the General Assembly intended to impose strict liability, we hold that former R.C. 2919.24 is not a strict criminal liability statute. Instead, we hold that the culpable mental state of

248

recklessness applies to the offense of contributing to the unruliness or delinquency of a child under former R.C. 2919.24.

{¶ 18} The trial court applied the correct culpable mental state and found that appellee did not act recklessly. Thus, since there was no showing of recklessness, the trial court acted properly in finding appellee not guilty of the offense.

{¶ 19} Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Nick A. Selvaggio, Champaign County Prosecuting Attorney, and Jack W. Whitesell Jr., Assistant Prosecuting Attorney, for appellant.

Charles W. Slicer III, for appellee.

William F. Schenck, Greene County Prosecuting Attorney, and Elizabeth A. Ellis, Assistant Prosecuting Attorney, urging reversal for amicus curiae Ohio Prosecuting Attorneys Association.