The STATE of Ohio, Appellee,

v.

SCHORS, Appellant.

[Cite as *State v. Schors*, 160 Ohio App.3d 431, 2005-Ohio-1668.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 84506.

Decided April 7, 2005.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Matthew D. Golish, Assistant Prosecuting Attorney, for appellee.

Robey & Robey, Gregory Scott Robey, and Margaret Amer Robey, for appellant.

COLLEEN CONWAY COONEY, Judge.

{¶ 1} Defendant-appellant, Michael Schors, appeals from his conviction for improperly furnishing a firearm to a minor. We find no merit to this appeal and affirm.

{¶ 2} In September 2003, Schors was charged with selling a firearm to a minor, a violation of R.C. 2923.21(A)(1). The matter proceeded to a bench trial, where the following evidence was presented.

{¶ 3} In the summer of 2003, Schors sold a pistol to J.W., who was age 17 at the time.[1] J.W. paid $45 for the gun and immediately resold it to his 14–year–old brother for $150. The 14–year–old boy's stepfather discovered the pistol in the boy's bedroom and called police.

{¶ 4} At trial, Schors testified that he was an acquaintance of J.W. and that they had gone to high school together but that J.W. had graduated a year behind him. Schors testified that, because he was 20 years old at the time that he sold the pistol to J.W., he assumed that J.W. was around age 19. He thought J.W. was at least age 18 because he had graduated from high school. However, Schors admitted that he neither asked J.W. his age nor requested his driver's license.

{¶ 5} The trial court found Schors guilty of selling a firearm to a minor. In reaching this conclusion, the court held that R.C. 2923.21(A) was a strict-liability statute.

{¶ 6} Schors appeals, raising one assignment of error.

{¶ 7} Schors argues that the trial court erred in finding that R.C. 2923.21(A) was a strict-liability statute. He contends that because R.C. 2923.21(A) does not expressly specify a requisite culpable mental state, the state must prove that he acted recklessly. In support of this argument, he relies on R.C. 2901.21(B), which provides:

When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense.

{¶ 8} In the instant case, Schors was convicted of improperly furnishing a firearm under R.C. 2923.21(A)(1), which states:

(A) No person shall do any of the following:

(1) Sell any firearm to a person who is under eighteen years of age.

{¶ 9} The state contends that, although R.C. 2923.21(A)(1) does not expressly specify a mental culpability element, the language "no person shall," combined

---

1. J.W.'s date of birth is July 31, 1985. He was approximately one month away from his eighteenth birthday when he purchased the gun.

with the legislative intent and public policy supporting the statute, plainly indicates that the legislature intended to impose strict liability.

{¶ 10} However, in applying R.C. 2901.21(B), the Ohio Supreme Court in *State v. Collins* (2000), 89 Ohio St.3d 524, 530, 733 N.E.2d 1118, rejected the argument that public policy and legislative intent were enough to impose strict liability, stating:

> It is not enough that the General Assembly in fact intended imposition of liability without proof of mental culpability. Rather the General Assembly must plainly indicate that intention in the language of the statute. * * *

> Were we to accept the state's argument that public policy considerations weigh in favor of strict liability, thereby justifying us in construing R.C. 2919.21(B) as imposing criminal liability without a demonstration of any mens rea, we would be writing language into the provision which simply is not there—language which the General Assembly could easily have included, but did not.

{¶ 11} Relying on its decision in *Collins,* the Ohio Supreme Court in *State v. Moody,* 104 Ohio St.3d 244, 2004–Ohio–6395, 819 N.E.2d 268, ¶ 16, recently reemphasized that the language "No person shall," in of itself, does not indicate a strict-liability offense. Rather, "there must be other language in the statute to evidence the General Assembly's intent to impose strict criminal liability." Id., ¶ 16.

{¶ 12} The Ohio Supreme Court has repeatedly held that, when the General Assembly includes a culpable mental state in one part of the statute but omits a mental state in another part, the omission plainly indicates its intent to impose strict liability in that section. See *State v. Maxwell,* 95 Ohio St.3d 254, 2002–Ohio–2121, 767 N.E.2d 242, ¶ 27–30; *State v. Wac* (1981), 68 Ohio St.2d 84, 86, 22 O.O.3d 299, 428 N.E.2d 428.

{¶ 13} In *Wac,* the court analyzed R.C. 2901.21(B) in connection with the requisite mental state for a conviction of bookmaking under R.C. 2915.02(A)(1), which provides in relevant part: "(A) No person shall * * * (1) Engage in bookmaking, or knowingly engage in conduct that facilitates bookmaking." *Wac,* 68 Ohio St.2d at 86, 22 O.O.3d 299, 428 N.E.2d 428. In finding that bookmaking was a strict-liability offense, the court reasoned that the General Assembly's inclusion of the culpable mental state of "knowingly" as an element of *facilitating* bookmaking, while omitting any such requirement for bookmaking per se, plainly indicated a purpose to impose strict criminal liability. Id.

{¶ 14} Similarly, in *Maxwell,* the Ohio Supreme Court relied on its decision in *Wac* and found that the act of bringing child pornography into the state of Ohio,

in violation of R.C. 2907.321(A)(6),[2] was a strict-liability offense. *Maxwell,* ¶ 24–30. Although the statute contains an express-knowledge requirement pertaining to the character of the material, the statute is silent as to any mental element regarding the act of bringing child pornography into the state. As a result, the court found that "it is reasonable to presume that the inclusion of a knowledge requirement regarding the character of the material and the absence of a mental element elsewhere in R.C. 2907.321 reflect legislative intent to impose strict liability for the act of bringing child pornography into the state of Ohio." Id. at ¶ 30.

{¶ 15} In the instant case, we find that the language contained in other sections of R.C. 2923.21(A), which includes a "knowingly" element, plainly indicates the legislature's intent to impose strict liability for the sale of a firearm to a minor. Here, R.C. 2923.21(A)(4) and (A)(5) include knowledge as a material element of the offenses and provide:

(A) No person shall do any of the following:

\* \* \*

(4) Sell or furnish a firearm to a person who is eighteen years of age or older if the seller or furnisher *knows, or has reason to know,* that the person is purchasing or receiving the firearm for the purpose of selling the firearm in violation of division (A)(1) of this section to a person who is under eighteen years of age or for the purpose of furnishing the firearm in violation of division (A)(3) of this section to a person who is under eighteen years of age;

(5) Sell or furnish a handgun to a person who is twenty-one years of age or older if the seller or furnisher *knows, or has reason to know,* that the person is purchasing or receiving the handgun for the purpose of selling the handgun in violation of division (A)(2) of this section to a person who is under twenty-one years of age or for the purpose of furnishing the handgun in violation of division (A)(3) of this section to a person who is under twenty-one years of age.

(Emphasis added.)

{¶ 16} Therefore, based on the inclusion of a "knowingly" mental element in other subsections of the statute, we find that the omission of any culpable mental state in R.C. 2923.21(A)(1) demonstrates the legislature's intent to impose strict liability.

{¶ 17} Accordingly, we overrule the sole assignment of error.

Judgment affirmed.

BLACKMON, A.J., and KARPINSKI, J., concur.

---

2. R.C. 2907.321 provides, in pertinent part: "(A) No person, with knowledge of the character of the material or performance involved, shall \* \* \* (6) Bring or cause to be brought into this state any obscene material that has a minor as one of its participants or portrayed observers."