[Cite as *State v. Belser*, 2013-Ohio-1284.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120390 |
| | | TRIAL NO. 12TRD-7365 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| REGINALD BELSER, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Appellant Discharged

Date of Judgment Entry on Appeal: March 22, 2013

*John P. Curp*, City Solicitor, *Charles Rubenstein*, City Prosecutor, and *Jacqueline Pham*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Brown, Lippert & Laite* and *James R. Garvin*, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}     This case presents the question of whether a defendant may be convicted of operating of a motor vehicle with an invalid license plate under R.C. 4549.08 based purely on a theory of strict liability without the establishment of culpability.   We conclude that the offense in question is not a strict liability offense and that the state must establish the defendant acted recklessly.   Because it did not do so in this case, we reverse defendant-appellant Reginald Belser's conviction.

{¶2}     Mr. Belser was convicted of violating R.C. 4549.08 following a bench trial.  The facts as adduced at trial are straightforward.   A van driven by Mr. Belser was involved in an accident with another vehicle.   A Cincinnati police officer responded to the accident and discovered that the license plate number on the validation sticker did not match the number on the van's license plate.  When questioned by the officer, Mr. Belser  stated that he was in the process of buying the vehicle and needed to transfer the title to his name.   The officer testified that he did not know to whom the license plate or validation sticker were registered; that Mr. Belser's name did not come back as the owner of the van; and that to his knowledge, Mr. Belser did not know that the validation sticker did not match the license plate.   The officer cited Mr. Belser for driving a motor vehicle with an invalid license plate or identification mark in violation of R.C. 4549.08, and noted on the back of the ticket:  "Invalid sticker on license plate that belonged to another vehicle, not owner of vehicle, in process of buying it."

{¶3}     At the conclusion of the officer's testimony, Mr. Belser moved to dismiss the charge on the basis that the state had failed to prove he had acted recklessly.  The trial court overruled the motion.

{¶4}      Mr. Belser then testified that he had gone to the owner's home to look at a van he was interested in purchasing.  After speaking with the owner, he learned that

the van needed some mechanical work and decided to take it for a test drive. During the test drive, another motorist pulled out and hit the van. Mr. Belser further testified that he had not paid for the van and it was not titled in his name. The trial court found Mr. Belser guilty and ordered him to pay a $100 fine and court costs.

{¶5} In a single assignment of error, Mr. Belser argues that the trial court erred in convicting him of a violation of R.C. 4549.08 when the state had failed to prove an element of the offense—that he had acted recklessly. We agree.

{¶6} R.C. 4549.08 provides in pertinent part:

(A) No person shall operate or drive a motor vehicle upon the public roads and highways in this state if it displays a license plate or a distinctive number or identification mark that meets any of the following criteria:

(1) Is fictitious;

(2) Is a counterfeit or an unlawfully made copy of any distinctive number or identification mark;

(3) Belongs to another motor vehicle * * *.

{¶7} R.C. 4549.08 does not specify a culpable mental state. R.C. 2901.21(B) provides that

[w]hen the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict liability for the conduct described in the section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense.

3

{¶8}    In overruling Mr. Belser's Crim.R. 29 motion, the trial court relied upon the phrase "[n]o person shall" at the beginning of R.C. 4549.08 as being indicative of the legislature's intent to impose strict liability. The Ohio Supreme Court, however, has expressly stated that "the fact that [a] statute contains the phrase '[n]o person shall' does not mean that it is a strict criminal liability offense." *State v. Moody*, 104 Ohio St.3d 244, 2004-Ohio-6395, 819 N.E.2d 268, ¶ 16. Rather, the issue is whether the statute plainly indicates a purpose to impose strict liability. R.C. 2901.21(B).

{¶9}    There is nothing in the plain language of R.C. 4549.08 that indicates a purpose to impose strict liability. Indeed, as both the Second and Seventh Appellate Districts have pointed out in finding that the statute does not provide for strict liability, there are a number of circumstances in which an individual could operate a vehicle without any knowledge or any way of knowing if a license plate was legitimate. *State v. Frazier*, 7th Dist. No. 01CA65, 2003-Ohio-1216, ¶ 14-19; *State v. Combs*, 2d Dist. No. 2006CA 38, 2006-Ohio-7088, ¶ 16; *see also State v. Howard*, 2d Dist. No. 21899, 2007-Ohio-6591, ¶ 19.

{¶10}    Because R.C. 4549.08 lacks a culpable mental state and does not clearly indicate an intent to impose strict liability, the state was required to prove that Mr. Belser acted recklessly. A defendant acts recklessly when "with heedless indifference to the consequences, [he] perversely disregards a known risk that [his] conduct is likely to cause a certain result or to be of a certain nature." R.C. 2901.22.

{¶11}    Here, there was no evidence of recklessness. The state's only witness testified that Mr. Belser was not the owner of the vehicle, the license plates, or the validation sticker. The state did not present any testimony that Mr. Belser had any knowledge of or any reason to suspect any irregularity with the license plates. Mr. Belser testified that he was merely test driving the van to determine if he would purchase it.

We, therefore, sustain the sole assignment of error, reverse the trial court's judgment, and discharge him from further prosecution. *See Dayton v. Ahmad,* 2d Dist. No. 24165, 2011-Ohio-2302, ¶ 44-49; *Frazier* at ¶ 20-21.

Judgment reversed and appellant discharged.

**HENDON, P.J.,** and **HILDEBRANDT, J.,** concur.

Please note:

The court has recorded its own entry this date.