[Cite as *State v. Middleton*, 2013-Ohio-1848.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2012-08-082 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 5/6/2013 |
| - vs - | | |
| | : | |
| BETHANIE MIDDLETON, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 11-NO25555

David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Gray and Duning, John C. Kaspar, 130 East Mulberry Street, Lebanon, Ohio 45036, for defendant-appellant

**S. POWELL, J.**

{¶ 1} A mother, convicted of contributing to the unruliness of a minor when it was alleged her daughter was a habitual truant, contends on appeal there were legitimate excuses for her daughter's absences and instances of tardiness. We affirm the conviction, finding the manifest weight of the evidence supports the finding the mother recklessly acted

in a way tending to cause her daughter to be an unruly child.

{¶ 2} Defendant-appellant, Bethanie Middleton, was charged in Warren County Juvenile Court with contributing to the unruliness or delinquency of a minor under R.C. 2919.24(A)(2), with regard to her daughter's school attendance. A juvenile court magistrate found Middleton guilty, issuing a decision with extensive findings of fact and conclusions of law. Middleton objected to the magistrate's decision. The trial court issued a separate opinion, overruling the objections and adopting the magistrate's decision. On appeal, Middleton raises the following single assignment of error for our review:

{¶ 3} THE TRIAL COURT'S DETERMINATION THAT DEFENDANT-APPELLANT CONTRIBUTED TO THE DELINQUENCY OF HER DAUGHTER IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE. [sic]

{¶ 4} First, we note that the complaint in this case avers that Middleton did "recklessly" act in a way tending to cause her child to be an *unruly* child, in that Middleton failed to send her daughter to school [emphasis added]. The complaint alleged that Middleton's daughter was absent from school a total of 24 days for the school year, of which 14 absences were unexcused.

{¶ 5} Middleton argues that the state did not prove her daughter missed the requisite number of days of school and failed to show the absences were without legitimate excuse. She also argues the school deserves equal blame for her daughter's tardy attendance because the child was tardy while in the "care and possession" of the school.

{¶ 6} R.C. 2919.24(A)(2), states, in pertinent part, that no person, including a parent, guardian, or other custodian of a child, shall: "Act in a way tending to cause a child or a ward of the juvenile court to become an unruly child, as defined in section 2151.022 of the Revised Code, or a delinquent child, as defined in section 2152.02 of the Revised Code[.]"

{¶ 7} "Unruly child" includes any child who is a habitual truant from school and who

previously has not been adjudicated an unruly child for being a habitual truant. R.C. 2151.022(B). "Habitual truant" means any child of compulsory school age who is absent -- without a legitimate excuse for the absence -- from the public school the child is supposed to attend for five or more consecutive school days, seven or more school days in one school month, or twelve or more school days in a school year. R.C. 2151.011(B)(19).

{¶ 8} A "legitimate excuse for absence from the public school the child is supposed to attend" includes, but is not limited to, where the child in question has enrolled in and is attending another public or nonpublic school in this or another state, the child is excused from attendance at school for any of the reasons specified in R.C. 3321.04, the compulsory attendance statute, or the child has received an age and schooling certificate. R.C. 2151.011(B)(22).

{¶ 9} The culpable mental state of "recklessness" applies to the offense of contributing to the unruliness of a minor. *State v. Moody*, 104 Ohio St.3d 244, 2004-Ohio-6395, syllabus. A person acts "recklessly" when, with heedless indifference to the consequences, she perversely disregards a known risk that her conduct is likely to cause a certain result or is likely to be of a certain nature. R.C. 2901.22(C). A person is reckless with respect to circumstances when, with heedless indifference to the consequences, she perversely disregards a known risk that such circumstances are likely to exist. *Id.*

{¶ 10} Where it is charged that the defendant did "act in a way tending to cause" unruliness or delinquency of a child under R.C. 2919.24(A)(2), it is not necessary to establish an actual unruliness or delinquency, but only that the defendant's acts are such as would tend to cause unruliness or delinquency of the child. *State v. Kindle*, 3d Dist. No. 5-02-21, 2003-Ohio-302, ¶ 11.

{¶ 11} As previously mentioned, Middleton is challenging the manifest weight of the evidence supporting her conviction. The weight of the evidence concerns the inclination of

the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

{¶ 12} When considering whether a conviction is supported by the weight of the evidence, an appellate court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 39. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. *Thompkins* at 387. We must be mindful that the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts. *See State v. DeHass*, 10 Ohio St.2d 230, 231 (1967).

{¶ 13} In the case at bar, the school's attendance officer, Jovetta Wysong, testified that she inputs the pertinent attendance data into the school's attendance database. Wysong's testimony was based on a printout from that database. Wysong indicated that Middleton's daughter had 13 unexcused absences during the 2010-2011 school year.

{¶ 14} Wysong explained the school's attendance policy, which she indicated is included in the student handbook that is provided to every student. Wysong testified the school's attendance policy requires a parent or guardian to contact the school before 10 a.m., when a child is absent from school. If the parent has not contacted the school, Wysong will attempt to contact the parent. The printout indicated the attempts made to contact Middleton.

{¶ 15} According to Wysong, the school policy provides that a child's absence will be excused with a parent's note for the first nine absences of the school year. After that time, an absence will only be excused with a doctor's note. To excuse an absence, both the

parent note and the doctor's note, where applicable, must be provided within two days of the absence.

{¶ 16} Wysong indicated the school's attendance database software generates letters after the child's fifth recorded absence, eighth absence, and ninth absence. Wysong said the letters remind or warn parents about the number of absences accumulating. The ninth-absence letter reportedly reminds the parent that a doctor's note will be required thereafter to excuse an absence. While the magistrate found four such letters were regularly generated, we note that the evidence supports the finding that three such letters were regularly generated.

{¶ 17} Wysong recalled mailing these three reminder letters to Middleton, but did not receive any response in return. Wysong testified that she also reminded Middleton over the phone to bring a doctor's note to excuse her daughter's absences, once the child incurred more than nine absences that school year.

{¶ 18} Wysong testified about the dates of and circumstances surrounding the unexcused absences. She indicated that some of the absences were listed as unexcused when Middleton sent a parent's note instead of a doctor's note after the first nine absences. Additionally, some unexcused absences were noted when Middleton presented a parent or doctor's note untimely or when Middleton did not present a note at all.

{¶ 19} In addition to the full-day absences, when a student is late to class on five occasions without a valid excuse, those five unexcused "tardies" are counted as one day absence from school. Wysong testified that Middleton had 24 unexcused tardies for the school year, or four unexcused absences in addition to the 13 absences.

{¶ 20} Middleton testified there were various reasons why her daughter was absent from school and tardy to class. Middleton indicated that her child has an individualized education plan (IEP) and a neurological disorder that contributes to frequent falls. Middleton

said one of the unexcused absences was the result of a fall at school, so the school, which she said sent the child home, was aware of the reason for that absence.

{¶ 21} Middleton also indicated that her child is frequently ill and has had recurring physical issues. She also claims her daughter had problems with an intervention specialist at school. Middleton said she kept her daughter home on one occasion to avoid what she perceived as unfair punishment. Middleton indicated she also kept her daughter home while she was searching for alternative school placements.

{¶ 22} The school principal indicated that Middleton told her she wanted to move her daughter from the school, and acknowledged she recalled seeing paperwork for an alternative school placement. However, she said Middleton's daughter did not leave and continued attending the school.

{¶ 23} Addressing her daughter's tardy attendance, Middleton argues her daughter rode the school bus and the school had control over the child once she arrived at the school, and, therefore, Middleton was not responsible when the child lingered at the voluntary school breakfast, or dawdled at her locker until she was late for class. Evidence was presented that both parties conferred and the school eventually implemented alternative approaches to eventually address the tardiness issue.

{¶ 24} In adopting the magistrate's decision, the juvenile court held that the child's medical conditions did not excuse Middleton's obligation to comply with the school attendance policy. The juvenile court concluded that Middleton failed to communicate her inability to provide a doctor's note every time her daughter was ill.

{¶ 25} The juvenile court also found that Middleton did not put forth any effort to collaborate with the school; never requested a special exemption based on the child's medical-related absences, did not respond to the school's mail correspondence informing her that she was now required to provide a doctor's note, and despite warnings from the school

about absences, Middleton "encouraged" the child to miss school due to a disagreement with the child's special education instructor.

{¶ 26} We are aware that Middleton alleged her daughter missed some school when Middleton was seeking alternative school placements. However, no evidence was presented that showed the child was enrolled in and attending another school as provided by R.C. 2151.011.

{¶ 27} Applying the pertinent standard of review on a manifest weight of the evidence challenge, we cannot say the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

{¶ 28} The evidence showed that Middleton's daughter had 13 unexcused absences, even if the four absences compiled from the unexcused "tardies" were not counted. This number of unexcused absences met the school-year criteria for the R.C. 2151.011 and R.C. 2151.022 definitions of "habitual truant" and "unruly child," respectively. Accordingly, the manifest weight of the evidence supports the finding that Middleton recklessly acted in a way tending to cause her daughter to become an unruly child under R.C. 2919.24. Middleton's single assignment of error is overruled.

{¶ 29} Judgment affirmed.

HENDRICKSON, P.J. and PIPER, J., concur.