[Cite as *State v. Vertrees*, 2021-Ohio-1239.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                    CASE NO. 5-20-31

    v.

HANNAH R. VERTREES,

                                           O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hancock County Common Pleas Court
Juvenile Division
Trial Court No. 20204043

**Judgment Affirmed**

Date of Decision: April 12, 2021

APPEARANCES:

    *Howard A. Elliot* **for Appellant**

    *Heather M. Pendleton* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Hannah R. Vertrees ("Vertrees"), appeals the August 19, 2020 judgment entry of sentence of the Hancock County Court of Common Pleas, Juvenile Division. For the reasons that follow, we affirm.

{¶2} On March 2, 2020, Vertrees was charged by complaint with one count of contributing to unruliness or delinquency in violation of R.C. 2921.24(A)(2), a first-degree misdemeanor. (Doc. No. 1). Vertrees entered a plea of not guilty on April 29, 2020. (Doc. No. 6).

{¶3} The case proceeded to a bench trial on June 16, 2020. (Doc. No. 12); (June 16, 2020 Tr. at 5). During trial, Vertrees orally moved to dismiss the complaint, arguing that she could not be prosecuted under R.C. 2921.24(A)(2). (June 16, 2020 Tr. at 50). In response, the State orally moved to amend the complaint to reflect the correct statute—R.C. 2919.24(B)(2)—arguing that the complaint reflected a clerical error. (*Id.* at 50-51). On August 3, 2020, the trial court denied Vertrees's motion to dismiss the complaint and amended the complaint as requested. (Doc. No. 12). The trial court found Vertrees guilty of the charge in the complaint (as amended) that same day. (*Id.*).

{¶4} On August 19, 2020, the trial court sentenced Vertrees to six months in jail and ordered her to pay a fine. (Doc. No. 13). Further, the trial court suspended

the jail sentence and the fine conditioned on her compliance with "all Court Orders." (*Id.*).

{¶5} Vertrees filed her notice of appeal on September 17, 2020 and raises two assignments of error for our review. (Doc. No. 15).

**Assignment of Error No. I**

**Where a complaint sets forth an offense, utilizing a code section which does not specify an offense, a conviction based upon the complaint when a court did not file an amendment to the complaint was improper and void and must be set aside.**

{¶6} In her first assignment of error, Vertrees argues that the trial court erred by denying her motion to dismiss the complaint. Specifically, Vertrees argues the trial court erred by amending the numerical designation of the applicable statute after trial.

*Standard of Review*

{¶7} An appellate court reviews de novo a trial court's denial of a motion to dismiss a complaint. *See State v. Robertson*, 3d Dist. Henry No. 7-14-16, 2015-Ohio-1758, ¶ 17; *State v. Fields*, 2d Dist. Greene No. 2016-CA-5, 2017-Ohio-400, ¶ 19. "De novo review is independent, without deference to the lower court's decision." *State v. Hudson*, 3d Dist. Marion No. 9-12-38, 2013-Ohio-647, ¶ 27.

*Analysis*

{¶8} "'The purpose of an indictment [or complaint] is to give the accused adequate notice of the crime charged.'" *Fields* at ¶ 17, quoting *State v. Cassel*, 2d

Dist. Montgomery No. 26708, 2016-Ohio-3479, ¶ 19. Importantly, "[a] complaint must contain 'a written statement of the essential facts constituting the offense charged,' and 'the numerical designation of the applicable statute or ordinance.'" *Id.*, quoting Crim.R. 3.

{¶9} In this case, Vertrees argues that the trial court erred by denying her motion to dismiss the complaint because it contained an incorrect numerical designation of the applicable statute. Specifically, Vertrees contends that the "[t]he complaint used to charge her specified that she had violated Ohio Revised Code §2919.24(A)(2)" but that "even cursory examination of the statute reveals that the subsections [sic] (A)(2), is a definitional section and does not set forth the element in any offense." (Appellant's Brief at 8). Instead, Vertrees argues that the correct numerical designation of the applicable statute is R.C. 2919.24(B)(2).

{¶10} However, Crim.R. 7(D) permits a trial court to "at any time before, during, or after trial amend the * * * complaint * * * in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged." "An amendment that changes the name or identity of the charged offense constitutes reversible error." *State v. Ham*, 1st Dist. Hamilton No. C-170043, 2017-Ohio-9189, ¶ 12, citing *State v. Kates*, 169 Ohio App.3d 766, 2006-Ohio-6779, ¶ 13 (10th Dist.).

{¶11} "If the amendment does not change the name or identity of the crime charged, then we apply an abuse-of-discretion standard to review the trial court's decision to allow a Crim.R. 7(D) amendment." *Id.* at ¶ 13, citing *State v. Beach*, 148 Ohio App.3d 181, 2002-Ohio-2759, ¶ 23 (1st Dist.). *See also State v. Gray*, 9th Dist. Summit No. 27365, 2015-Ohio-1248, ¶ 7. An abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980). "In addition to demonstrating that the trial court abused its discretion, the defendant must also show that the amendment prejudiced his defense in order to prove that the trial court committed reversible error." *Gray* at ¶ 7, citing *State v. Dudukovich*, 9th Dist. Lorain No. 05CA008729, 2006-Ohio-1309, ¶ 16. *See also State v. Madding*, 2d Dist. Montgomery No. 24412, 2011-Ohio-3865, ¶ 11.

{¶12} Under Crim.R. 12(C)(2), defenses and objections based on defects in the complaint "must be raised before trial." *See State v. Rohn*, 11th Dist. Lake No. 2020-L-006, 2020-Ohio-6918, ¶ 17. The failure to raise a defense or objection based on a defect in the complaint "shall constitute waiver of the defenses or objections." Crim.R. 12(H). *See Rohn* at ¶ 17. Because Vertrees did not object to the alleged defect in the complaint *before* trial, she waived all but plain error. *See State v. Rohrbaugh*, 126 Ohio St.3d 421, 2010-Ohio-3286, ¶ 6 ("Rohrbaugh did not object to the indictment before trial, so he has waived all but plain error"), citing

Crim.R. 12(C)(2); *Rohn* at ¶ 17. "To reverse a decision based on plain error, a reviewing court must determine that a plain (or obvious) error occurred that affected the outcome of the trial." *Rohrbaugh* at ¶ 6 *See also* Crim.R. 52(B). "A court recognizes plain error with the utmost caution, under exceptional circumstances, and only to prevent a miscarriage of justice." *State v. Smith*, 3d Dist. Hardin No. 6-1414, 2015-Ohio-2977, ¶ 63, citing *State v. Saleh*, 10th Dist. Franklin No. 07AP-431, 2009-Ohio-1542, ¶ 68.

{¶13} It was not plain error for the trial court to amend the complaint to reflect the correct numerical designation of the applicable statute because Vertrees was not prejudiced by the amendment. *See State v. Phillips*, 10th Dist. Franklin No. 99AP-641, 2000 WL 350509, *2 (Apr. 6, 2000). Importantly, the amendment did not change the name or the identity of the crime charged. Indeed, the charging language utilized in the complaint provided Vertrees adequate notice of what the State intended to prove at trial—that is, Vertrees was not prejudiced in preparing for her defense. *See State v. Smoot*, 6th Dist. Wood No. WD-19-034, 2020-Ohio-838, ¶ 49, citing *State v. Brown*, 12th Dist. Preble No. CA2003-02-004, 2004-Ohio-424, ¶ 43. Specifically, the charging language utilized in the complaint provides, in its relevant part, that "Vertrees * * * did act in a way tending to cause a child * * * to become an unruly child * * * or delinquent child * * * ." (Doc. No. 1). That

language coincides with R.C. 2919.24(B)(2). Accordingly, the trial court did not err by denying Vertrees's motion to dismiss the complaint.

{¶14} Vertrees's first assignment of error is overruled.

**Assignment of Error No. II**

**In order to sustain a conviction for a parent contributing to the delinquency of their child, arising out of the child's truant behavior there must be a finding of some act of the Defendant-Appellant which cause [sic] such truant behavior and without such a finding the conviction cannot stand as it is both based upon the insufficiency of the evidence and the manifest weight of the evidence.**

{¶15} In her second assignment of error, Vertrees argues that her contributing-to-unruliness-or-delinquency conviction is based on insufficient evidence and is against the manifest weight of the evidence. In particular, Vertrees contends that her contributing-to-unruliness-or-delinquency conviction is based on insufficient evidence because the State presented insufficient evidence that she acted in such a way to cause J.S.'s failure to attend school without an excuse. Likewise, Vertrees contends that the trier of fact lost its way in concluding that she acted in such a way as to cause J.S.'s failure to attend school.

*Standard of Review*

{¶16} Manifest "weight of the evidence and sufficiency of the evidence are clearly different legal concepts." *State v. Thompkins*, 78 Ohio St.3d 380, 389 (1997). Therefore, we address each legal concept individually.

**{¶17}** "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1981), paragraph two of the syllabus, *superseded by state constitutional amendment on other grounds*, *State v. Smith*, 80 Ohio St.3d 89 (1997). Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton Nos. C-120570 and C-120571, 2013-Ohio-4775, ¶ 33, citing *State v. Williams*, 197 Ohio App.3d 505, 2011-Ohio-6267, ¶ 25 (1st Dist.). *See also State v. Berry*, 3d Dist. Defiance No. 4-12-03, 2013-Ohio-2380, ¶ 19 ("Sufficiency of the evidence is a test of adequacy rather than credibility or weight of the evidence."), citing *Thompkins* at 386.

**{¶18}** On the other hand, in determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, "'weigh[ ] the evidence and all reasonable inferences, consider[ ] the credibility of witnesses and determine[ ] whether in resolving conflicts in the evidence, the [trier

of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). A reviewing court must, however, allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967). When applying the manifest-weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Haller*, 3d Dist. Allen No. 1-11-34, 2012-Ohio-5233, ¶ 9, quoting *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 119.

*Sufficiency of the Evidence Analysis*

{¶19} Vertrees was convicted of contributing to unruliness or delinquency under R.C. 2919.24(B)(2), which provides, in its relevant part, that "[n]o person, including a parent * * * shall * * * [a]ct in a way tending to cause a child * * * to become an unruly child or a delinquent child." Under R.C. 2151.022(B), an "unruly child" includes "[a]ny child who is a[] habitual truant from school." A "'[h]abitual truant' means any child of compulsory school age who is absent without legitimate excuse for absence from the public school the child is supposed to attend for thirty or more consecutive hours, forty-two or more hours in one school month, or seventy-two or more hours in a school year." R.C. 2151.011(B)(18).

{¶20} "The culpable mental state of 'recklessness' applies to the offense of contributing to the unruliness of a minor." *State v. Middleton*, 12th Dist. Warren No. CA2012-08-082, 2013-Ohio-1848, ¶ 9, citing *State v. Moody*, 104 Ohio St.3d 244, 2004-Ohio-6395, syllabus. *See also State v. Lewis*, 2d Dist. Clark No. 2017-CA-19, 2017-Ohio-9311, ¶ 18.

> A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist.

R.C. 2901.22(C).

{¶21} On appeal, Vertrees argues only that there is insufficient evidence that she acted in such a way as to cause J.S. to become an unruly child. Because it is the only element that Vertrees challenges on appeal, we will review the sufficiency of the evidence supporting only as to whether she acted in such a way as to cause J.S. to become an unruly child.

{¶22} We conclude that the State presented sufficient evidence that Vertrees acted in such a way as to cause J.S. to become an unruly child. That is, the State presented sufficient evidence that Vertrees acted recklessly as to J.S.'s school attendance. Ben Gerken ("Gerken"), principal of Liberty Benton High School, testified that a pre-court conference is conducted for students with excessive

attendance issues. (June 16, 2020 Tr. at 30). He testified that a pre-court conference was conducted regarding J.S.'s school attendance in April 2019. (*Id.*). Sara Sabol ("Sabol"), the truancy court coordinator with the Hancock County Juvenile Court probation division, testified that she discussed with Vertrees her responsibilities for reporting J.S.'s absence from school during the pre-court conference. (*Id.* at 93-94).

{¶23} According to Gerken, if a student's attendance does not improve following the pre-court conference, he conducts a school conference. (*Id.* at 30). Gerken testified that, because J.S.'s attendance issues continued after the commencement of the 2019-2020 school year, he conducted a school conference on December 10, 2019 during which he discussed J.S.'s school attendance with Vertrees by phone. (*Id.* at 33). (*See also* State's Ex. 3). Likewise, Lori Betsscher ("Betsscher"), a truancy officer with the Hancock County Educational Service Center, testified that she sent a letter to Vertrees on November 19, 2019 advising her that J.S. "had 67 unexcused absence[]" hours from school. (June 16, 2020 Tr. at 9, 12-13). (*See also* State's Ex. 2).

{¶24} Gerken testified that the school's attendance policy requires the school to call a student's home "by 9:00 a.m. every day any time a student isn't in school." (June 16, 2020 Tr. at 35). He further testified that the "school attendance officer, [the] secretary, call[ed] everyday [and that he] made a home visit to see why [J.S.] wasn't in school." (*Id.* at 34). He testified that he conducted a home visit "because

[the school] never got a call back * * * and sometimes the voicemail [was] full and [the school was unable] to leave a voicemail." (*Id.* at 35). However, Vertrees informed Gerken that J.S. "was at his dad's house" when he conducted the home visit. (*Id.* at 35).

{¶25} Moreover, Betsscher testified that Vertrees failed to cooperate with the school by failing to call the school to report J.S.'s absence or to return the school's phone calls on "23 days" [sic]—13 days "that the school had called the parent * * * and the number of no-call days altogether were [sic] 11 days * * * ." (June 16, 2020 Tr. at 18). (*See also* State's Ex. 1).

{¶26} Based on this evidence, a rational trier of fact could have found beyond a reasonable doubt that Vertrees acted with a heedless indifference to the consequences—that is, that Vertrees disregarded a substantial and unjustifiable risk that she was acting in such a way that was causing J.S. to become an unruly child. Specifically, the State presented evidence that Vertrees was aware of her responsibilities for reporting J.S.'s absence from school and that she disregarded those responsibilities which caused J.S. to be habitually truant from school. *Compare State v. Stiles*, 5th Dist. Licking No. 18CA0099, 2019-Ohio-3852, ¶ 36 ("We find the record is contrary to appellant's assertion that she 'was in significant contact' with the school regarding the absences."); *Lewis*, 2017-Ohio-9311, at ¶ 21-22 (concluding that "the trial court reasonably could have found that she acted

recklessly" "[b]ecause she purportedly did nothing but continue to send undelivered notes" "despite the school's repeated warnings about absences"). Therefore, we conclude that Vertrees's contributing-to-unruliness-or-delinquency conviction is based on sufficient evidence.

**{¶27}** Having concluded that Vertrees's contributing-to-unruliness-or-delinquency conviction is based on sufficient evidence, we next address Vertrees's arguments that her contributing-to-unruliness-or-delinquency conviction is against the manifest weight of the evidence. *Velez*, 2014-Ohio-1788, at ¶ 76.

*Manifest Weight of the Evidence*

**{¶28}** Although Vertrees contends that her contributing-to-unruliness-or-delinquency conviction is against the manifest weight of the evidence, her argument pertains to the sufficiency of the evidence supporting that conviction. *See State v. Frye*, 3d Dist. Allen No. 1-17-30, 2018-Ohio-894, ¶ 44 ("Although Frye asserts that he is challenging the weight of the evidence supporting his convictions * * *, his argument pertains only to the sufficiency of the evidence supporting those convictions."). Indeed, the entirety of her argument that her contributing-to-unruliness-or-delinquency conviction is against the manifest weight of the evidence is whether "the evidence herein supports the conclusion that [Vertrees] acted in such a way as to the cause of the child's nonattendance in school." (Appellant's Brief at 11). (*See also* Appellant's Brief at 12). Because Vertrees presented only a

sufficiency-of-the-evidence argument regarding her contributing-to-unruliness-or-delinquency conviction, we decline to conduct a manifest-weight-of-the-evidence analysis on her behalf. *State v. Yoder*, 9th Dist. Wayne No. 15AP0017, 2016-Ohio-7428, ¶ 23, citing *State v. Schmitz*, 9th Dist. Lorain Nos. 11CA010043 and 11CA010044, 2012-Ohio-2979, ¶ 36 and App.R. 16(A)(7). *See State v. Tabassum*, 9th Dist. Summit No. 25568, 2011-Ohio-6790, ¶ 5 ("Although, in the statement of his first assignment of error, Tabassum raises the issue of manifest weight, his arguments pertain only to the sufficiency of the evidence, and we limit our discussion accordingly."), citing App.R. 12(A)(2) and 16(A)(7).

{¶29} For these reasons, Vertrees's second assignment of error is overruled.

{¶30} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**